# EXHIBIT A

## Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO.  SUCV 2019-0655-BLS1

CHARLES TASHJIAN, on
behalf of himself , PLAINTIFF(S),
and all others similarly situated
v.

CVS PHARMACY, INC.; DEFENDANT(S)
CVS HEALTH CORPORATION; and
CVS CAREMARK, INC.      SUMMONS

RECEIVED

MAY 13 2019

LEGAL DEPARTMENT

THIS SUMMONS IS DIRECTED TO  CVS PHARMACY, INC.          . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2.  **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your signed original response with the Clerk's Office for Civil Business, Suffolk Court, 3 Pemberton Square (address), by mail or in person, **AND** Superior Boston, MA 02108

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: 2 Salem Green, Suite 2, Salem, MA 01970

3.  **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

A true copy, Attest:
5/7/19   Deputy Sheriff Suffolk County

Dan Bunch

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

**PLAINTIFF(S):** CHARLES TASHJIAN, on behalf of himself and all others similarly situated

**ADDRESS:**

**COUNTY** Suffolk

**DEFENDANT(S):** CVS PHARMACY, INC.;

CVS HEALTH CORPORATION; and

**ATTORNEY:** Robert E. Mazow, Esq.

**ADDRESS:** Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi

2 Salem Green, Suite 2

Salem, MA  01970

**BBO:** #567507

CVS CAREMARK, INC.

**ADDRESS:**

CVS Pharmacy, Inc.: Registered Agent: 155 Federal Street, Suite 700, Boston, MA

CVS Health Corporation: One CVS Drive, Woonsocket, RI 02895

CVS Caremark, Inc.: One CVS Drive, Woonsocket, RI 02895

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO.<br>A99 | TYPE OF ACTION (specify)<br>Othe Contract/Business Action | TRACK<br>F | HAS A JURY CLAIM BEEN MADE?<br>[X] YES     [ ] NO |
|---|---|---|---|

**\*If "Other" please describe:**  Putative class action against Defendants for violation of privacy laws and unfair business practices.

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................................................................................ $ _____
2. Total doctor expenses ........................................................................................................................... $ _____
3. Total chiropractic expenses .................................................................................................................. $ _____
4. Total physical therapy expenses .......................................................................................................... $ _____
5. Total other expenses (describe below) ................................................................................................ $ _____
                                                                                                             Subtotal (A):  $ _____

B. Documented lost wages and compensation to date ................................................................................... $ _____
C. Documented property damages to dated .................................................................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ................................................................. $ _____
E. Reasonably anticipated lost wages ............................................................................................................ $ _____
F. Other documented items of damages (describe below) .............................................................................. $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                                                                                    TOTAL (A-F): $ _____

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Putative Class action arising out of Defendants' unfair and deceptive prescription marketing plan.

                                                                                      **TOTAL:** $ $1,000,000.00

**Signature of Attorney/Pro Se Plaintiff: X**                                        Date: 02/25/19

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X**                                              Date: 02/25/19

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT
                                               DEPARTMENT OF THE TRIAL COURT
                                               CA. NO. SUCV2019-0655-BLS1

CHARLES TASHJIAN, on behalf of
himself and all others similarly situated,

        Plaintiff,

    v.

CVS PHARMACY, INC.; CVS HEALTH
CORPORATION; and CVS CAREMARK
INC.;

        Defendants.

## PLAINTIFF'S FIRST AMENDED COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, Charles Tashjian ("Tashjian" or "Plaintiff") alleges the following facts upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters.

### Preliminary Statement

1. Plaintiff brings this action to obtain monetary, and other appropriate relief, for himself and Members of the Class (defined below) as a result of the unlawful practices of Defendants, CVS Pharmacy, Inc., CVS Health Corporation, and CVS Caremark, Inc. (collectively "CVS" or "Defendants").

2. CVS is in the business of, among other things, selling prescription medicine to customers across the country, including in Massachusetts. In doing so, CVS engaged in a scheme to solicit prescriptions from customers' physicians ("Prescribers" of "Physicians") which CVS could then sell to customers.

3. As part of its scheme, CVS falsely represented to Prescribers that, among other things, CVS had spoken with its customers, and that its customers expressly requested that CVS contact the Prescribers to obtain certain prescription medications.

4. CVS's scheme was perpetrated even though CVS knew that CVS's pharmacists had not, spoken to the customers about contacting the Prescribers and that the customers had not requested that CVS contact the Prescribers.

5. As part of CVS's scheme, CVS never notified the Prescribers or the Patient that CVS was being compensated for sending the letters, nor did the scheme notify the medical provider that CVS had not spoken with the consumer and that the consumer did not request that the CVS send the letters.

6. CVS's scheme violated the privacy rights and other common law rights of Plaintiff and the Class and CVS misappropriated, for their own commercial purpose and without consumer consent or other authorization, the confidential and personal consumer medical prescription information which had been entrusted by customers to CVS.

7. Upon information and belief, as part of CVS's Scheme, CVS appears to have also disclosed confidential patient information about its customers to unauthorized third-parties who provided direct marketing services to CVS.

8. CVS's scheme was not disclosed to Prescribers (or customers) and instead said scheme was perpetrated under the guise of administering a drug compliance program, which provided a cloak of legitimacy, when in fact, the scheme was simply a direct mail marketing and advertising scheme designed to increase sales of statin prescriptions and other medications.

9. CVS's scheme resulted in damages to Plaintiff and other similarly situated individuals.

2

10. CVS's scheme caused false statements (purportedly statements of the consumer) to enter customers' medical file which, among other things, dangerously suggested that the customers sought medical treatment that they did not seek.

11. Further, CVS's scheme resulted in it reaping significant financial benefit by selling prescription medicine that would otherwise not have been fulfilled. Finally, CVS's scheme resulted in it receiving financially beneficially advertising support.

## Parties

12. Plaintiff, Charles Tashjian is a resident of Uxbridge, Massachusetts.

13. Defendants, CVS Pharmacy Inc. is a corporation formed under the laws of Rhode Island and maintains a principle place of business at One CVS Drive, Woonsocket, RI 02895, and a registered agent at 155 Federal Street, Suite 700, Boston, MA.

14. Defendants, CVS Health Corporation is a corporation formed under the laws of Delaware and maintains a principle place of business at One CVS Drive, Woonsocket, RI 02895.

15. Defendants, CVS Caremark, Inc. is a corporation formed under the laws of Delaware and maintains a principle place of business at One CVS Drive, Woonsocket, RI 02895.

## Jurisdiction and Venue

16. This Court has personal jurisdiction over Defendants pursuant to M.G.L. c. 223A, § 3, because, *inter alia*, Plaintiff's claims arise out of Defendants' regular transaction of business throughout the Commonwealth of Massachusetts, including in Suffolk County.

17. This Court has jurisdiction over the claims contained herein as they relate to Plaintiff and the other similarly situated individuals because the claims for damages for Plaintiff and all other similarly situated individuals exceed twenty-five thousand dollars ($25,000.00).

3

18. Venue in this matter is proper as CVS Pharmacy, Inc. maintains a registered agent located in Suffolk County, Massachusetts. Venue in this matter is further proper as CVS Health Corporation, and CVS Caremark, Inc. are corporations operating in the Commonwealth.

## Factual Allegations

19. Plaintiff repeats and re-alleges the allegations set forth above.

20. Plaintiff has utilized CVS Pharmacy (Store #1852) ("CVS Pharmacy") located at 67D Main St., Medway, MA for his prescription fulfillment services for approximately the last 10 years.

21. In June of 2018, CVS Pharmacy sent the document, attached hereto as **Exhibit A**, to Plaintiff's medical provider, Dr. Fouad Aoude ("*Letter #1*").

22. *Letter #1* stated that CVS Pharmacy spoke with Plaintiff about diabetes care.

23. *Letter #1* falsely stated that CVS Pharmacy spoke with Plaintiff about diabetes care.

24. *Letter #1* stated that Plaintiff requested that CVS Pharmacy reach out to Dr. Aoude on behalf of Plaintiff to determine if it is appropriate to start a statin therapy.

25. *Letter #1* falsely stated that Plaintiff requested that CVS Pharmacy reach out to Dr. Aoude on behalf of Plaintiff to determine if it is appropriate to start a statin therapy.

26. Plaintiff does not have diabetes.

27. Plaintiff never spoke with any employee, agent or servant of CVS Pharmacy about diabetes care.

28. Plaintiff did not ask any employee, agent or servant of CVS Pharmacy to contact his medical provider regarding statin therapy.

29. *Letter #1* was intended by CVS to serve as marketing material.

30. *Letter #1* was intended by CVS to induce Plaintiff's medical provider into writing Plaintiff a prescription for statin which CVS could fulfill to their financial advantage.

31. *Letter #1* is now part of Plaintiff's medical file.

32. The statin manufacturer provided marketing assistance to CVS Pharmacy.

4

33. CVS received financial assistance in sending its *Letter #1* to Plaintiff's medical provider.

34. As a result of sending letters, like *Letter #1*, CVS received financial benefit and profit.

35. In November of 2018, CVS Pharmacy sent the document, attached hereto as **Exhibit B**, to Plaintiff's medical provider, Dr. Fouad Aoude ("*Letter #2*").

36. *Letter #2* stated that CVS Pharmacy spoke with Plaintiff about diabetes care.

37. *Letter #2* falsely stated that CVS Pharmacy spoke with Plaintiff about diabetes care.

38. *Letter #2* stated that Plaintiff requested that CVS Pharmacy reach out to Dr. Aoude on behalf of Plaintiff to determine if it is appropriate to start a statin therapy.

39. *Letter #2* falsely stated that Plaintiff requested that CVS Pharmacy reach out to Dr. Aoude on behalf of Plaintiff to determine if it is appropriate to start a statin therapy.

40. *Letter #2* was intended by CVS as marketing material.

41. *Letter #2* was intended by CVS to induce Plaintiff's medical provider into writing Plaintiff a prescription for statin which the CVS could fulfill to its financial advantage.

42. CVS used Plaintiff's name for financial gain without his permission or consent.

43. *Letter #2* is now part of Plaintiff's medical file.

44. The statin manufacturer provided marketing assistance to CVS Pharmacy.

45. CVS received financial assistance in sending *Letter #2* to Plaintiff's medical provider.

46. As a result of sending letters, like *Letter #2*, CVS received financial benefit and profit.

47. CVS used Plaintiff's name in *Letter #1* and *Letter #2* as part of its attempt to increase CVS's profits.

48. CVS did not request to use Plaintiff's name prior to using it CVS knew he would reject the request.

49. CVS used Plaintiff's name despite his lack of permission because CVS wanted to profit from their marketing scheme.

5

50. CVS routinely engages in the scheme outlined above.

51. CVS used Plaintiff's name for financial gain without his permission or consent.

52. CVS misappropriated Plaintiff's name for financial gain as part of their marketing plan.

53. CVS is a covered entity for the purposes of the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

54. CVS has vast stores of personal and private consumer medical prescription information.

55. CVS reviewed personal and private consumer information to determine on which customers behalf CVS would target their marketing materials.

56. CVS provided prescription fulfillment services to the Plaintiff.

57. CVS owed a fiduciary duty to Plaintiff.

58. CVS breached its fiduciary duty to Plaintiff by sending false information to Plaintiff's medical provider.

59. CVS breached its fiduciary duty to Plaintiff by failing to disclose to Plaintiff's medical provider that CVS was receiving financial support for sending the letter to Plaintiff's medical provider.

60. CVS breached its fiduciary duty and caused Plaintiff harm in the form of increased risk of receiving medical treatment based upon the false statement CVS caused to be placed in Plaintiff's medical records.

61. At all relevant times, CVS was engaged in trade or commerce.

62. Plaintiff alleges that the acts and omissions described herein were unfair and/or deceptive.

63. Plaintiff alleges that the acts and omissions described herein were committed willfully and/or knowingly.

64. On February 25, 2019, Plaintiff served the Defendant with a class-wide consumer protection act demand letter.

6

65. On April 5, 2019, CVS responded to Plaintiff's class-wide consumer protection act demand letter.

66. CVS's response to Plaintiff's class-wide consumer protection act demand letter was unreasonable.

## Class Allegations

67. Plaintiff repeats and re-alleges the allegations set forth above.

68. Plaintiff brings this action pursuant to Mass. R. Civ. P. 23 and M.G.L. c. 93A on behalf of himself and a class consisting of:

> All customers of CVS on whose behalf CVS sent a Request to Close Potential Gap in Therapy letter.

69. All of the persons or entities described in the preceding paragraph are referred to herein as the "Class" or "Members". Plaintiff reserves his right to amend the definition.

70. This action is properly maintainable as a class action.

71. The Members of the Class are so numerous that joinder of all Members would be impracticable.

72. Plaintiff's claims are typical of the claims of other Members of the Class, as all Members of the Class have been similarly affected by CVS's unlawful acts and omissions.

73. Plaintiff will fairly and adequately protect the interests of the Class and is represented by counsel experienced in complex class action litigation.

74. Common questions of law and fact exist and predominate over any questions of law or fact which may affect only individual Class Members. Common questions of law and fact include:

A. Whether the acts and omissions of CVS constituted violations of M.G.L. c. 214, § 3A and/or M.G.L. c. 93A;

B. Whether the acts and omissions of CVS were unfair and/or deceptive;

C. Whether the acts and omissions of CVS were committed willfully and/or knowingly;

7

D.  Whether the acts and omissions of CVS constituted: (1) Negligence; (2) Breach of the Fiduciary Duty of Confidentiality; (3) Breach of Privacy; and/or (4) Tortious Misappropriate of Private and Personal Information;

E.  Whether CVS is liable for the acts and omissions of their employees and agents;

F.  What is the applicable statute of limitations on any and all causes of action; and

G.  Whether Plaintiff and the Class are entitled to damages, and if so, the proper measure of damages.

75. A class action will cause an orderly and expeditious administration of the claims of Class Members.

76. A class action will foster economies of time, effort and expense to ensure uniformity of decisions, presenting the most efficient manner of adjudicating the claims set forth herein.

## COUNT I
### Negligence

77. Plaintiff repeats and re-alleges the allegations set forth above.

78. CVS had a legal duty to not create and cause false information to enter Plaintiff's medical file.

79. CVS had a duty to not make false statements to Plaintiff's medical provider.

80. CVS breached its duty by submitting false information to Plaintiff's medical provider.

81. CVS's breach of its duty has caused Plaintiff harm.

82. CVS had a legal duty to not create and cause false information to enter Class Members' medical records.

83. CVS had a duty to not make false statements to Class Members' Physicians.

84. CVS breached its duty by submitting false information to Class Members' Physicians.

85. All the aforementioned acts and omissions of CVS were committed negligently.

8

86. All of the aforementioned acts and omissions constitute breaches of CVS's duties under Federal and/or Massachusetts law.

87. CVS's breach of its duty has caused Plaintiff and members of the Class harm.

88. CVS had a fiduciary duty to Plaintiff and Class Members.

89. As a direct and proximate cause of CVS's negligence, false information was sent to Plaintiff's medical provider and placed in Plaintiff's medical record.

90. As a direct and proximate cause of CVS's negligence, Plaintiff and the Class have suffered damages, including but not limited to, increased risk of medical risk and medical mistakes.

WHEREFORE, Plaintiff and the Class respectfully request that this Court enter Judgment against CVS for its negligence and award damages to adequately compensate Plaintiff and the Class.

## COUNT II
### Breach of Fiduciary Duty of Confidentiality

91. Plaintiff repeats and re-alleges the allegations set forth above.

92. CVS is a medical provider.

93. CVS is a covered entity under the Health Insurance Portability and Accountability Act.

94. CVS provided prescription fulfillment services to the Plaintiff.

95. CVS owed a fiduciary duty to Plaintiff.

96. CVS breached its fiduciary duty to Plaintiff by sending false information to Plaintiff's physician.

97. CVS breached its fiduciary duty to Plaintiff by failing to disclose to Plaintiff's physician that CVS was receiving financial support for sending the letter to Plaintiff's physician.

98. CVS provided prescription fulfillment services to Class Members.

99. CVS owed a fiduciary duty to Class Members.

9

100. CVS breached its fiduciary duty to Class Members by sending false information to Class Members' Physicians.

101. CVS breached its fiduciary duty to Class Members by failing to disclose to Class Members' Physicians that CVS was receiving financial support for sending the letter to Class Members' Physicians.

102. CVS's breach of its fiduciary duty to Plaintiff and Class Members caused Plaintiff and Class Members harm in the form of increased risk of receiving medical treatment based upon the false statements the Defendant caused to be placed in Plaintiff's and Class Members' medical records.

103. CVS's breach of its fiduciary duty to Plaintiff and Class Members has caused Plaintiff and Class Members to suffer harm, including but not limited to financial harm.

**WHEREFORE**, Plaintiff and the Class respectfully request that this Court enter Judgment against CVS for breach of its fiduciary duty and award damages to adequately compensate Plaintiff and the Class.

**COUNT III**
**Breach of Privacy – Appropriation of Plaintiff's Name and/or Likeness**
**Violation of M.G.L. c. 214, § 3A**

104. Plaintiff repeats and re-alleges the allegations set forth above.

105. *Letter #1* was intended as marketing material.

106. *Letter #1* was intended to induce Plaintiff's medical provider into writing Plaintiff a prescription for statin which CVS could fulfill to their financial advantage.

107. *Letter #2* was intended as marketing material.

108. *Letter #2* was intended to induce Plaintiff's medical provider into writing Plaintiff a prescription for statin which the CVS could fulfill to their financial advantage.

109. CVS used Plaintiff's name for financial gain without his permission or consent.

110. A third-party provided undisclosed marketing assistance to CVS Pharmacy.

111. CVS received financial assistance from a third-party in sending *Letter #1* and *Letter #2* to Plaintiff's medical provider.

112. As a result of sending letters, like *Letter #1* and *Letter #2*, CVS received financial benefit and profit.

113. CVS routinely engages in the scheme outlined above.

114. CVS used Plaintiff's name for financial gain without his permission or consent.

115. CVS misappropriated Plaintiff's name for financial gain as part of their marketing plan.

116. CVS used Plaintiff's name in *Letter #1* and *Letter #2* as part of its attempt to increase their profits.

117. CVS used Plaintiff's name despite his lack of permission because they wanted to profit from their marketing scheme.

118. CVS has sent similar Request to Close Potential Gap in Therapy letters to Class Members' Physicians.

119. CVS has sent similar Request to Close Potential Gap in Therapy letters to Class Members' Physicians as part of its marketing scheme.

120. CVS has similarly falsely used Class Members' names for financial gain without the Class Members' permission or consent.

121. As a direct result of the acts and omissions of CVS, Plaintiff and the Class have been harmed.

122. As a direct result of the acts and omissions of CVS, Plaintiff and the Class have suffered financial detriment.

123. As a direct result of the acts and omissions of CVS, Plaintiff and the Class have suffered a breach in their interest in privacy.

11

124. As a direct result of the acts and omissions of CVS, CVS has profited from the unauthorized use of Plaintiff's and Class Members' names.

WHEREFORE, Plaintiff and the Class respectfully request that this Court enter Judgment against CVS for breach of privacy via their unlawful appropriation of Plaintiff's name and/or likeness and award damages to adequately compensate Plaintiff and the Class.

## COUNT IV
### Tortious Misappropriation of Private and Personal Information

125. Plaintiff repeats and re-alleges the allegations set forth above.

126. Plaintiff did not authorize CVS's appropriation of his personal and private information for commercial purposes as alleged herein.

127. Class Members did not authorize CVS's appropriation of their personal and private information for commercial purposes as alleged herein.

128. CVS's scheme allowed CVS to misappropriate Plaintiff's and the Class's personal and confidential information for substantial financial or other consideration in a manner which violated the Plaintiff's and the Class's right of privacy and to be left alone.

129. CVS's scheme was accomplished intentionally, recklessly or with negligent disregard for Plaintiff's and the Class's right of privacy.

130. As a result of CVS's scheme, Plaintiff and the Class have suffered, or are likely to suffer, damages, including, *inter alia*, invasion of their right to privacy, CVS's financial gain and/or invasion of another legally protected interest.

WHEREFORE, Plaintiff and the Class respectfully request that this Court enter judgment against CVS for its tortious misappropriation of private and personal information and award damages to adequately compensate Plaintiff and the Class.

**COUNT V**
**VIOLATION OF M.G.L. c. 93A, § 2**

131. Plaintiff repeats and re-alleges the allegations set forth above.

132. CVS's practice of sending *Letter #1* and *Letter #2* was unfair and/or deceptive.

133. CVS's practice of sending *Letter #1* and *Letter #2* caused Tashjian damages in the form of false information being entered into his medical file.

134. CVS's practice of sending *Letter #1* and *Letter #2* was done willfully and/or knowingly.

135. CVS's practice of sending *Letter #1* and *Letter #2* constitutes a violation of M.G.L. c. 93A.

136. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians was done without providing the identity of the pharmacist purportedly sending the letters.

137. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians was done without providing the identity of the pharmacist who purportedly counseled the Class Member.

138. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians was done without providing the date upon which the Class Member purportedly requested that a CVS pharmacist send such correspondence to the Class Members' Physicians.

139. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians failed to reveal to the patient that CVS was making a net profit each time it sent the subject correspondence.

140. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians failed to reveal to the patient that CVS realizes a profit when, as a result of sending the subject correspondence, an additional prescription is fulfilled at CVS.

13

141. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members Physicians, as set forth herein, deprived Class Members of critical information that Class Members would need to reasonably evaluate any purported recommendations/advice contained in the Request to Close Potential Gap in Therapy letters.

142. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians was unfair and/or deceptive.

143. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians in the manner set forth herein, constitutes an unfair and/or deceptive single course of conduct.

144. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians in the manner set forth herein, was done without Class Members' authority.

145. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians in the manner set forth herein, was done without Class Members' express written authority.

146. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians was done by means of a computerized system which did not utilize the professional judgment of a pharmacist.

147. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians constituted false, deceptive, and/or misleading advertising.

148. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians constituted an activity in nonconformity with federal, state and municipal laws, ordinances and/or regulations.

14

149. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians constituted a fraudulent and deceptive act in violation of 247 CMR 9.01.

150. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians was not undertaken as part of a Collaborative Drug Therapy Management Plan.

151. CVS's practice of sending Request to Close Potential Gap in Therapy letters was not undertaken under the supervision of a physician.

152. CVS's practice of sending Request to Close Potential Gap in Therapy letters did not constitute counseling to a patient.

153. CVS did not provide Class Members with a copy of the Request to Close Potential Gap in Therapy letters sent to their respective Prescribers.

154. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians was done willfully and/or knowingly.

155. CVS's practice of sending Request to Close Potential Gap in Therapy letter to Class Members' Physicians constituted a violation of M.G.L. c. 93A.

156. CVS's practice of sending false information/representations to Class Members' Physicians constituted a violation of M.G.L. c. 93A.

157. CVS's practice of sending false information to Class Members' Physicians was unfair and/or deceptive.

158. CVS's practice of sending false information to Class Members' Physicians caused Plaintiff and the Class Members damages in the form of false information being entered into their medical files.

159. CVS's practice of sending false information to Class Members' Physicians was done willfully and/or knowingly.

15

160. CVS's breach of duty of confidentiality to Plaintiff and the Class Members was unfair and/or deceptive.

161. CVS's breach of duty of confidentiality to Plaintiff and the Class Members caused Plaintiff and the Class Members damages in the form of false information being entered into their medical files.

162. CVS's breach of duty of confidentiality to Plaintiff and the Class Members was done willfully and/or knowingly.

163. CVS's breach of duty of confidentiality to Plaintiff and the Class Members constitutes violations of M.G.L. c. 93A.

164. CVS's use of Plaintiff and the Class Members' names for financial gain without their permission or consent was unfair and/or deceptive.

165. CVS's use of Plaintiff and the Class Members' names for financial gain without their permission or consent caused Plaintiff and the Class Members damages in the form of false information being entered into their medical files.

166. CVS's use of Plaintiff and the Class Members' names for financial gain without their permission or consent was done willfully and/or knowingly.

167. CVS's use of Plaintiff and the Class Members' names for financial gain without their permission or consent constituted violations of M.G.L. c. 93A.

**WHEREFORE**, Tashjian respectfully requests that this court enter Judgment against CVS for its willful and knowing violations of M.G.L. c. 93A, § 2 and that the court award multiple damages, costs and attorneys' fees to adequately compensate Tashjian and the Class.

16

<u>COUNT VI</u>
<u>DECLARATORY JUDGMENT</u>

168. Plaintiff repeats and re-alleges the allegations set forth above.

169. There exists an actual controversy as to whether CVS had a duty to comply with the mandates of
Federal and/or Massachusetts Law when ensuring the confidentiality and security of patients'
private information.

170. There exists an actual controversy as to whether CVS owed Plaintiff and the Class a fiduciary duty
to maintain the security and confidentiality of their private information.

171. There exists an actual controversy as to whether CVS is responsible for the acts and omissions of
employees and agents under the doctrine of *respondeat superior*.

172. There exists an actual controversy as to whether CVS's unauthorized dissemination of Plaintiff
and Class Members' personal information constituted unauthorized disclosures.

173. There exists an actual controversy as to whether CVS breached its duties to Plaintiff and the Class
by failing to maintain the security and confidentiality of their personal information.

174. Plaintiff and the Class are entitled to a declaration that CVS owed Plaintiff and the Class a fiduciary
duty to maintain the security and confidentiality of their personal information.

175. Plaintiff and the Class are entitled to a declaration as to what exactly CVS's duties to Plaintiff and
Class Members are/were in regard to ensuring the confidentiality and security of their personal
information.

176. Plaintiff and the Class are entitled to a declaration that CVS's acts and omissions set forth herein
are unfair and deceptive.

177. Plaintiff and the Class are entitled to a declaration that CVS's acts and omissions set forth herein
are in violation of M.G.L. c. 93A.

17

178. Plaintiff and the Class are entitled to a declaration that CVS's acts and omissions set forth herein were committed willfully, knowingly, and/or in bad faith.

179. Plaintiff and the Class are entitled to a declaration that CVS breached its duties to Plaintiff and the Class Members.

**WHEREFORE,** Plaintiff and the Class request that this Honorable Court set forth, by way of declaratory judgment, CVS's duties to Plaintiff and Class Members with regard to ensuring the confidentiality and security of patients' personal information.

## **PRAYERS FOR RELIEF**

**WHEREFORE,** Plaintiff, on behalf of himself and other similarly situated individuals, demand judgment against CVS as follows:

A. An order determining that this action is a proper class action, and certifying Plaintiff as representative of the putative Class;

B. An order appointing Plaintiff's counsel as competent legal representatives of the putative Class;

C. An order determining that the acts and omissions of CVS  as described above constitute violations of M.G.L. c. 214, § 3A, and M.G.L. c. 93A;

D. An order determining that the acts and omissions of CVS  as described herein constitute Breach of the Fiduciary Duty of Confidentiality, Negligence, Breach of Privacy, and Tortious Misappropriation of Private and Personal Information.

E. An order requiring CVS to disgorge any profit it realized as a result of sending the Request to Close Potential Gap in Therapy letters to Class Members' Physicians;

F. An order awarding Plaintiff and the Class damages, together with interest, costs, and reasonable attorneys' fees;

18

G. An order determining the appropriate statute of limitations applicable to each count of this action;

H. An order awarding Plaintiff an appropriate stipend for acting as class representative; and

I. An order awarding Plaintiff and the Class any further relief as this Court may deem just and appropriate.

## JURY DEMAND

Plaintiff, on behalf of himself and all others similarly situated, hereby demand trial by jury on all counts of this Complaint, which are triable by a jury.

Respectfully submitted,                                    DATED:   April 24, 2019
Plaintiff, by his attorneys,


Robert E. Mazow, Esq.
(BBO# 567507)
rmazow@forrestlamothe.com
Michael C. Forrest, Esq.
(BBO# 681401)
mforrest@forrestlamothe.com
Forrest, LaMothe, Mazow,
McCullough, Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA 01970
(617) 231-7829

19

# EXHIBIT A

**CVS/pharmacy** 

## RESPONSE REQUESTED:
### REQUEST TO CLOSE POTENTIAL GAP IN THERAPY

**PRESCRIBER:**
Name: FOUAD AOUDE

Address:

Phone:
Fax:

From: **CVS/pharmacy**
Store # 1852
Address: 67D MAIN ST.
MEDWAY, MA 02053
Phone: 508-533-6771
Fax: 508-533-9475

**PATIENT:**
Name: TASHJIAN, CHARLES
DOB:
Address:

Phone:

**PRIOR THERAPY:**

**Dear Prescriber,**

We spoke to your patient about diabetes care and noticed your patient has not filled a statin therapy at CVS pharmacy in the last 180 days.

Your patient would like us to reach out on their behalf to determine if it is appropriate to start a statin therapy. Please send a new prescription for statin therapy if it is appropriate.

Thank you in advance for taking the time to review this information.
Sincerely,
Your local CVS Pharmacist

**Pharmacist Comments:**



## RESPONSE REQUESTED:

Please send a new prescription for the requested therapy, if appropriate (refer to store info above)

- OR -

Please indicate your decision below and fax back to:     508-533-9475

☐ Will discuss with patient at next visit     ☐ Not clinically appropriate for this patient

MD Comments:

The information contained in this electronic message as well as any attachments to this message are intended for the exclusive use of the intended recipient and may contain confidential or privileged information. If you are not the intended recipient, please destroy all copies of this message as well as its attachments and advise the sender immediately. The recipient of this fax may make a request to opt-out of receiving future fax transmissions from CVS/Pharmacy. There are numerous ways you may opt-out: The recipient may call the toll-free number at 1-800-SHOPCVS and/or fax the opt-out request to 401-652-0893. The recipient may also send an opt-out request via email to do_not_call@cvscaremark.com. CVS/Pharmacy is required to honor an opt-out request within thirty days of receipt.

| FOR CVS USE ONLY: | NMRX1 | 29000000003505901574 |
|---|---|---|

### REQUEST TO CLOSE GAP IN THERAPY

# EXHIBIT B

## CVS/pharmacy

### RESPONSE REQUESTED:
### REQUEST TO CLOSE POTENTIAL GAP IN THERAPY

**PRESCRIBER:**
Name:      FOUAD AOUDE

Address:

Phone:
Fax:

| | |
|---|---|
| From: | **CVS/pharmacy** |
| Store # | 1852 |
| Address: | 67D MAIN ST. |
| | MEDWAY, MA 02053 |
| Phone: | 508-533-6771 |
| Fax: | 508-533-9475 |

**PATIENT:**
Name:      TASHJIAN, CHARLES
DOB:
Address:

Phone:

**PRIOR THERAPY:**

Dear Prescriber,

We spoke to your patient about diabetes care and noticed your patient has not filled a statin therapy at CVS pharmacy in the last 180 days.

Your patient would like us to reach out on their behalf to determine if it is appropriate to start a statin therapy. Please send a new prescription for statin therapy if it is appropriate.

Thank you in advance for taking the time to review this information.

Sincerely,

Your local CVS Pharmacist

**Pharmacist Comments:**

### RESPONSE REQUESTED:

Please send a new prescription for the requested therapy, if appropriate (refer to store info above)

  - OR -

Please indicate your decision below and fax back to:      508-533-9475

☐ Will discuss with patient at next visit          ☐ Not clinically appropriate for this patient

**MD Comments:**

The information contained in this electronic message as well as any attachments to this message are intended for the exclusive use of the intended recipient and may contain confidential or privileged information. If you are not the intended recipient, please destroy all copies of this message as well as its attachments and advise the sender immediately. The recipient of this fax may make a request to opt-out of receiving future fax transmissions from CVS/Pharmacy. There are numerous ways you may opt-out: The recipient may call the toll-free number at 1-800-SHOP-CVS and/or fax the opt-out request to 401-652-0393. The recipient may also send an opt-out request via email to do_not_call@cvscaremark.com. CVS/Pharmacy is required to honor an opt-out request within thirty days of receipt.

| FOR CVS USE ONLY: | NMRX1 | 29000000003636545542 |
|---|---|---|

### REQUEST TO CLOSE GAP IN THERAPY

**Commonwealth of Massachusetts**
County of Suffolk
The Superior Court

CIVIL DOCKET#: **SUCV2019-0655-BLS1**

Case: Tashjian v. CVS Pharmacy, Inc. et al.

*Notified 03-18-19 (NJ)*
*- M&M/R.E.M.*
*- FLMM&Y&Y/M.C.F.*

## NOTICE OF TRANSFER TO
## BUSINESS LITIGATION SESSION

Upon review, the court orders this case transferred to the Business Litigation Session (BLS) and assigned to **BLS1**. In the future, all parties must include the initials "BLS1" at the end of the docket number on all filings, as shown above.

Counsel shall discuss with their clients and with opposing counsel whether the parties will participate in the BLS Discovery Project (counsel are directed to http://www.mass.gov/courts/court-info/trial-court/sc/sc-bls-gen.html for more information on the Project). Counsel may indicate their respective client's participation by completing, filing and serving the attached form.

Dated: **3/15/19**

Janet L. Sanders
Justice of the Superior Court &
Administrative Justice of the Business Litigation Session

 

### Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi, P.C.
Consumer Advocacy and Class Action Litigation

Robert E. Mazow, Esq.
Admitted in MA & NH
RMazow@forrestlamothe.com

Kevin J. McCullough, Esq.
Admitted in MA & NH
KMcCullough@forrestlamothe.com

John R. Yasi, Esq.
Admitted in MA
JYasi@forrestlamothe.com

Paul F.X. Yasi, Esq.
Admitted in MA
PYasi@forrestlamothe.com

Matthew T. LaMothe, Esq.
Admitted in MA
MLaMothe@forrestlamothe.com

Michael C. Forrest, Esq.
Admitted in MA, CA & NH  (inactive)
MForrest@forrestlamothe.com

Brian P. McNiff, Esq.
Admitted in MA & IL
BMcNiff@forrestlamothe.com

David J. Relethford, Esq.
Admitted in MA
DRelethford@forrestlamothe.com

Salem, MA:
2 Salem Green, Suite 2
Salem, MA 01970
(617) 231-7829
(877) 599-8890
(617) 517-3271 Fax

Concord, CA:
3998 Chestnut Avenue
Concord, CA 94519
(415) 579-9481
(877) 599-8890
(617) 517-3271 Fax

Chicago, IL:
(312) 261-5557
(617) 517-3271 Fax

PLEASE ADDRESS ALL
CORRESPONDENCE
TO THE SALEM,
MASSACHUSETTS
ADDRESS

www.ForrestLaMothe.com

May 2, 2019

*VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*
*#7018 0360 0000 9640 9678*

CVS Health Corporation
Larry J. Merlo – President and CEO
One CVS Drive
Woonsocket, RI  02895

**RE:**     **CHARLES TASHJIAN, on behalf of himself and
all others similarly situated**
                **v.**
**CVS PHARMACY, INC.;**
**CVS HEALTH CORPORATION;**
**and CVS CAREMARK, INC.**
**Civil Action No. SUCV2019-0655-BLS1**

Dear Mr. Merlo:

Enclosed herewith please find a copy of the following documentation:

1.  A copy of the *Summons;*
2.  A copy of the *Civil Action Cover Sheet;*
3.  A copy of the *First Amended Complaint and Demand for Jury Trial;*
    and
4.  A copy of the *Notice of Transfer to Business Litigation Session.*

This information concerns a lawsuit which has been filed against you in the Suffolk County Superior Court of Massachusetts.

It is requested that you forward the enclosed material to legal counsel for answer within the statutory time period to avoid the entering of a Default Judgment.

Please contact me with any questions or concerns you may have.

Sincerely,

Robert E. Mazow, Esq.

REM:slo
Enclosures

# Commonwealth of Massachusetts

SUFFOLK, SS.

CHARLES TASHJIAN, on
behalf of himself and
all others similarly _____, PLAINTIFF(S),
situated
v.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. __SUCV2019-0655-BLS1__

CVS PHARMACY, INC.; DEFENDANT(S)
CVS HEALTH CORPORATION; and
CVS CAREMARK, INC.                SUMMONS

THIS SUMMONS IS DIRECTED TO __CVS HEALTH CORPORATION__. (Defendant's name)

You are being sued.  The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the __Suffolk Superior__ Court. YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. **You must respond to this lawsuit in writing within 20 days**. If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**  To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, __Suffolk__ Court, __3 Pemberton Square,__ Superior (address), by mail or in person, **AND** __Boston, MA 02108__
   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: __2 Salem Green, Suite 2, Salem__, MA 01970

3. **What to include in your response.** An "Answer" is one type of response to a Complaint.  Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient.  A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| | | |
|---|---|---|
| **PLAINTIFF(S):**<br>**ADDRESS:** | CHARLES TASHJIAN, on behalf of himself and all others similarly situated | **COUNTY**<br>Suffolk |
| | **DEFENDANT(S):** | CVS PHARMACY, INC.;<br>CVS HEALTH CORPORATION; and<br>CVS CAREMARK, INC. |
| **ATTORNEY:**<br>**ADDRESS:** | Robert E. Mazow, Esq.<br>Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi<br>2 Salem Green, Suite 2<br>Salem, MA  01970 | **ADDRESS:**<br>CVS Pharmacy, Inc.: Registered Agent: 155 Federal Street, Suite 700, Boston, MA<br>CVS Health Corporation: One CVS Drive, Woonsocket, RI 02895<br>CVS Caremark, Inc.; One CVS Drive, Woonsocket, RI 02895 |
| **BBO:** | #567507 | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO.<br>A99 | TYPE OF ACTION (specify)<br>Othe Contract/Business Action | TRACK<br>F | HAS A JURY CLAIM BEEN MADE?<br>[X] YES    [ ] NO |
|---|---|---|---|

**\*If "Other" please describe:**   Putative class action against Defendants for violation of privacy laws and unfair business practices.

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................................................................. $ _____
2. Total doctor expenses ............................................................................................................... $ _____
3. Total chiropractic expenses ...................................................................................................... $ _____
4. Total physical therapy expenses ............................................................................................... $ _____
5. Total other expenses (describe below) ...................................................................................... $ _____
                                                                                        Subtotal (A): $ _____

B. Documented lost wages and compensation to date ................................................................... $ _____
C. Documented property damages to dated ..................................................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ................................................... $ _____
E. Reasonably anticipated lost wages .............................................................................................. $ _____
F. Other documented items of damages (describe below) ................................................................ $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                                                                        TOTAL (A-F):$ _____

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Putative Class action arising out of Defendants' unfair and deceptive prescription marketing plan.  *

                                                                    TOTAL: $ $1,000,000.00

Signature of Attorney/Pro Se Plaintiff: X                                        Date: 02/25/19

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X                                        Date: 02/25/19

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT
                                               DEPARTMENT OF THE TRIAL COURT
                                               CA. NO. SUCV2019-0655-BLS1

CHARLES TASHJIAN, on behalf of
himself and all others similarly situated,

     Plaintiff,

    v.

CVS PHARMACY, INC.; CVS HEALTH
CORPORATION; and CVS CAREMARK
INC.;

     Defendants.

## PLAINTIFF'S FIRST AMENDED COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, Charles Tashjian ("Tashjian" or "Plaintiff") alleges the following facts upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters.

### Preliminary Statement

1. Plaintiff brings this action to obtain monetary, and other appropriate relief, for himself and Members of the Class (defined below) as a result of the unlawful practices of Defendants, CVS Pharmacy, Inc., CVS Health Corporation, and CVS Caremark, Inc. (collectively "CVS" or "Defendants").

2. CVS is in the business of, among other things, selling prescription medicine to customers across the country, including in Massachusetts.  In doing so, CVS engaged in a scheme to solicit prescriptions from customers' physicians ("Prescribers" of "Physicians") which CVS could then sell to customers.

3.  As part of its scheme, CVS falsely represented to Prescribers that, among other things, CVS had spoken with its customers, and that its customers expressly requested that CVS contact the Prescribers to obtain certain prescription medications.

4.  CVS's scheme was perpetrated even though CVS knew that CVS's pharmacists had not, spoken to the customers about contacting the Prescribers and that the customers had not requested that CVS contact the Prescribers.

5.  As part of CVS's scheme, CVS never notified the Prescribers or the Patient that CVS was being compensated for sending the letters, nor did the scheme notify the medical provider that CVS had not spoken with the consumer and that the consumer did not request that the CVS send the letters.

6.  CVS's scheme violated the privacy rights and other common law rights of Plaintiff and the Class and CVS misappropriated, for their own commercial purpose and without consumer consent or other authorization, the confidential and personal consumer medical prescription information which had been entrusted by customers to CVS.

7.  Upon information and belief, as part of CVS's Scheme, CVS appears to have also disclosed confidential patient information about its customers to unauthorized third-parties who provided direct marketing services to CVS.

8.  CVS's scheme was not disclosed to Prescribers (or customers) and instead said scheme was perpetrated under the guise of administering a drug compliance program, which provided a cloak of legitimacy, when in fact, the scheme was simply a direct mail marketing and advertising scheme designed to increase sales of statin prescriptions and other medications.

9.  CVS's scheme resulted in damages to Plaintiff and other similarly situated individuals.

2

10. CVS's scheme caused false statements (purportedly statements of the consumer) to enter customers' medical file which, among other things, dangerously suggested that the customers sought medical treatment that they did not seek.

11. Further, CVS's scheme resulted in it reaping significant financial benefit by selling prescription medicine that would otherwise not have been fulfilled.  Finally, CVS's scheme resulted in it receiving financially beneficially advertising support.

### Parties

12. Plaintiff, Charles Tashjian is a resident of Uxbridge, Massachusetts.

13. Defendants, CVS Pharmacy Inc. is a corporation formed under the laws of Rhode Island and maintains a principle place of business at One CVS Drive, Woonsocket, RI 02895, and a registered agent at 155 Federal Street, Suite 700, Boston, MA.

14. Defendants, CVS Health Corporation is a corporation formed under the laws of Delaware and maintains a principle place of business at One CVS Drive, Woonsocket, RI 02895.

15. Defendants, CVS Caremark, Inc. is a corporation formed under the laws of Delaware and maintains a principle place of business at One CVS Drive, Woonsocket, RI 02895.

### Jurisdiction and Venue

16. This Court has personal jurisdiction over Defendants pursuant to M.G.L. c. 223A, § 3, because, *inter alia*, Plaintiff's claims arise out of Defendants' regular transaction of business throughout the Commonwealth of Massachusetts, including in Suffolk County.

17. This Court has jurisdiction over the claims contained herein as they relate to Plaintiff and the other similarly situated individuals because the claims for damages for Plaintiff and all other similarly situated individuals exceed twenty-five thousand dollars ($25,000.00).

3

18. Venue in this matter is proper as CVS Pharmacy, Inc. maintains a registered agent located in Suffolk County, Massachusetts. Venue in this matter is further proper as CVS Health Corporation, and CVS Caremark, Inc. are corporations operating in the Commonwealth.

## Factual Allegations

19. Plaintiff repeats and re-alleges the allegations set forth above.

20. Plaintiff has utilized CVS Pharmacy (Store #1852) ("CVS Pharmacy") located at 67D Main St., Medway, MA for his prescription fulfillment services for approximately the last 10 years.

21. In June of 2018, CVS Pharmacy sent the document, attached hereto as **Exhibit A**, to Plaintiff's medical provider, Dr. Fouad Aoude (*"Letter #1"*).

22. *Letter #1* stated that CVS Pharmacy spoke with Plaintiff about diabetes care.

23. *Letter #1* falsely stated that CVS Pharmacy spoke with Plaintiff about diabetes care.

24. *Letter #1* stated that Plaintiff requested that CVS Pharmacy reach out to Dr. Aoude on behalf of Plaintiff to determine if it is appropriate to start a statin therapy.

25. *Letter #1* falsely stated that Plaintiff requested that CVS Pharmacy reach out to Dr. Aoude on behalf of Plaintiff to determine if it is appropriate to start a statin therapy.

26. Plaintiff does not have diabetes.

27. Plaintiff never spoke with any employee, agent or servant of CVS Pharmacy about diabetes care.

28. Plaintiff did not ask any employee, agent or servant of CVS Pharmacy to contact his medical provider regarding statin therapy.

29. *Letter #1* was intended by CVS to serve as marketing material.

30. *Letter #1* was intended by CVS to induce Plaintiff's medical provider into writing Plaintiff a prescription for statin which CVS could fulfill to their financial advantage.

31. *Letter #1* is now part of Plaintiff's medical file.

32. The statin manufacturer provided marketing assistance to CVS Pharmacy.

4

33. CVS received financial assistance in sending its *Letter #1* to Plaintiff's medical provider.

34. As a result of sending letters, like *Letter #1*, CVS received financial benefit and profit.

35. In November of 2018, CVS Pharmacy sent the document, attached hereto as **Exhibit B**, to Plaintiff's medical provider, Dr. Fouad Aoude ("*Letter #2*").

36. *Letter #2* stated that CVS Pharmacy spoke with Plaintiff about diabetes care.

37. *Letter #2* falsely stated that CVS Pharmacy spoke with Plaintiff about diabetes care.

38. *Letter #2* stated that Plaintiff requested that CVS Pharmacy reach out to Dr. Aoude on behalf of Plaintiff to determine if it is appropriate to start a statin therapy.

39. *Letter #2* falsely stated that Plaintiff requested that CVS Pharmacy reach out to Dr. Aoude on behalf of Plaintiff to determine if it is appropriate to start a statin therapy.

40. *Letter #2* was intended by CVS as marketing material.

41. *Letter #2* was intended by CVS to induce Plaintiff's medical provider into writing Plaintiff a prescription for statin which the CVS could fulfill to its financial advantage.

42. CVS used Plaintiff's name for financial gain without his permission or consent.

43. *Letter #2* is now part of Plaintiff's medical file.

44. The statin manufacturer provided marketing assistance to CVS Pharmacy.

45. CVS received financial assistance in sending *Letter #2* to Plaintiff's medical provider.

46. As a result of sending letters, like *Letter #2*, CVS received financial benefit and profit.

47. CVS used Plaintiff's name in *Letter #1* and *Letter #2* as part of its attempt to increase CVS's profits.

48. CVS did not request to use Plaintiff's name prior to using it CVS knew he would reject the request.

49. CVS used Plaintiff's name despite his lack of permission because CVS wanted to profit from their marketing scheme.

5

50. CVS routinely engages in the scheme outlined above.

51. CVS used Plaintiff's name for financial gain without his permission or consent.

52. CVS misappropriated Plaintiff's name for financial gain as part of their marketing plan.

53. CVS is a covered entity for the purposes of the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

54. CVS has vast stores of personal and private consumer medical prescription information.

55. CVS reviewed personal and private consumer information to determine on which customers behalf CVS would target their marketing materials.

56. CVS provided prescription fulfillment services to the Plaintiff.

57. CVS owed a fiduciary duty to Plaintiff.

58. CVS breached its fiduciary duty to Plaintiff by sending false information to Plaintiff's medical provider.

59. CVS breached its fiduciary duty to Plaintiff by failing to disclose to Plaintiff's medical provider that CVS was receiving financial support for sending the letter to Plaintiff's medical provider.

60. CVS breached its fiduciary duty and caused Plaintiff harm in the form of increased risk of receiving medical treatment based upon the false statement CVS caused to be placed in Plaintiff's medical records.

61. At all relevant times, CVS was engaged in trade or commerce.

62. Plaintiff alleges that the acts and omissions described herein were unfair and/or deceptive.

63. Plaintiff alleges that the acts and omissions described herein were committed willfully and/or knowingly.

64. On February 25, 2019, Plaintiff served the Defendant with a class-wide consumer protection act demand letter.

6

65. On April 5, 2019, CVS responded to Plaintiff's class-wide consumer protection act demand letter.

66. CVS's response to Plaintiff's class-wide consumer protection act demand letter was unreasonable.

## Class Allegations

67. Plaintiff repeats and re-alleges the allegations set forth above.

68. Plaintiff brings this action pursuant to Mass. R. Civ. P. 23 and M.G.L. c. 93A on behalf of himself and a class consisting of:

> All customers of CVS on whose behalf CVS sent a Request to Close Potential Gap in Therapy letter.

69. All of the persons or entities described in the preceding paragraph are referred to herein as the "Class" or "Members". Plaintiff reserves his right to amend the definition.

70. This action is properly maintainable as a class action.

71. The Members of the Class are so numerous that joinder of all Members would be impracticable.

72. Plaintiff's claims are typical of the claims of other Members of the Class, as all Members of the Class have been similarly affected by CVS's unlawful acts and omissions.

73. Plaintiff will fairly and adequately protect the interests of the Class and is represented by counsel experienced in complex class action litigation.

74. Common questions of law and fact exist and predominate over any questions of law or fact which may affect only individual Class Members. Common questions of law and fact include:

   A. Whether the acts and omissions of CVS constituted violations of M.G.L. c. 214, § 3A and/or M.G.L. c. 93A;

   B. Whether the acts and omissions of CVS were unfair and/or deceptive;

   C. Whether the acts and omissions of CVS were committed willfully and/or knowingly;

7

D. Whether the acts and omissions of CVS constituted: (1) Negligence; (2) Breach of the Fiduciary Duty of Confidentiality; (3) Breach of Privacy; and/or (4) Tortious Misappropriate of Private and Personal Information;

E. Whether CVS is liable for the acts and omissions of their employees and agents;

F. What is the applicable statute of limitations on any and all causes of action; and

G. Whether Plaintiff and the Class are entitled to damages, and if so, the proper measure of damages.

75. A class action will cause an orderly and expeditious administration of the claims of Class Members.

76. A class action will foster economies of time, effort and expense to ensure uniformity of decisions, presenting the most efficient manner of adjudicating the claims set forth herein.

## COUNT I
### Negligence

77. Plaintiff repeats and re-alleges the allegations set forth above.

78. CVS had a legal duty to not create and cause false information to enter Plaintiff's medical file.

79. CVS had a duty to not make false statements to Plaintiff's medical provider.

80. CVS breached its duty by submitting false information to Plaintiff's medical provider.

81. CVS's breach of its duty has caused Plaintiff harm.

82. CVS had a legal duty to not create and cause false information to enter Class Members' medical records.

83. CVS had a duty to not make false statements to Class Members' Physicians.

84. CVS breached its duty by submitting false information to Class Members' Physicians.

85. All the aforementioned acts and omissions of CVS were committed negligently.

8

86. All of the aforementioned acts and omissions constitute breaches of CVS's duties under Federal and/or Massachusetts law.

87. CVS's breach of its duty has caused Plaintiff and members of the Class harm.

88. CVS had a fiduciary duty to Plaintiff and Class Members.

89. As a direct and proximate cause of CVS's negligence, false information was sent to Plaintiff's medical provider and placed in Plaintiff's medical record.

90. As a direct and proximate cause of CVS's negligence, Plaintiff and the Class have suffered damages, including but not limited to, increased risk of medical risk and medical mistakes.

   **WHEREFORE,** Plaintiff and the Class respectfully request that this Court enter Judgment against CVS for its negligence and award damages to adequately compensate Plaintiff and the Class.

## COUNT II
### Breach of Fiduciary Duty of Confidentiality

91. Plaintiff repeats and re-alleges the allegations set forth above.

92. CVS is a medical provider.

93. CVS is a covered entity under the Health Insurance Portability and Accountability Act.

94. CVS provided prescription fulfillment services to the Plaintiff.

95. CVS owed a fiduciary duty to Plaintiff.

96. CVS breached its fiduciary duty to Plaintiff by sending false information to Plaintiff's physician.

97. CVS breached its fiduciary duty to Plaintiff by failing to disclose to Plaintiff's physician that CVS was receiving financial support for sending the letter to Plaintiff's physician.

98. CVS provided prescription fulfillment services to Class Members.

99. CVS owed a fiduciary duty to Class Members.

9

100. CVS breached its fiduciary duty to Class Members by sending false information to Class Members' Physicians.

101. CVS breached its fiduciary duty to Class Members by failing to disclose to Class Members' Physicians that CVS was receiving financial support for sending the letter to Class Members' Physicians.

102. CVS's breach of its fiduciary duty to Plaintiff and Class Members caused Plaintiff and Class Members harm in the form of increased risk of receiving medical treatment based upon the false statements the Defendant caused to be placed in Plaintiff's and Class Members' medical records.

103. CVS's breach of its fiduciary duty to Plaintiff and Class Members has caused Plaintiff and Class Members to suffer harm, including but not limited to financial harm.

      **WHEREFORE,** Plaintiff and the Class respectfully request that this Court enter Judgment against CVS for breach of its fiduciary duty and award damages to adequately compensate Plaintiff and the Class.

### COUNT III
**Breach of Privacy – Appropriation of Plaintiff's Name and/or Likeness**
**Violation of M.G.L. c. 214, § 3A**

104. Plaintiff repeats and re-alleges the allegations set forth above.

105. *Letter #1* was intended as marketing material.

106. *Letter #1* was intended to induce Plaintiff's medical provider into writing Plaintiff a prescription for statin which CVS could fulfill to their financial advantage.

107. *Letter #2* was intended as marketing material.

108. *Letter #2* was intended to induce Plaintiff's medical provider into writing Plaintiff a prescription for statin which the CVS could fulfill to their financial advantage.

109. CVS used Plaintiff's name for financial gain without his permission or consent.

110. A third-party provided undisclosed marketing assistance to CVS Pharmacy.

111. CVS received financial assistance from a third-party in sending *Letter #1* and *Letter #2* to Plaintiff's medical provider.

112. As a result of sending letters, like *Letter #1* and *Letter #2*, CVS received financial benefit and profit.

113. CVS routinely engages in the scheme outlined above.

114. CVS used Plaintiff's name for financial gain without his permission or consent.

115. CVS misappropriated Plaintiff's name for financial gain as part of their marketing plan.

116. CVS used Plaintiff's name in *Letter #1* and *Letter #2* as part of its attempt to increase their profits.

117. CVS used Plaintiff's name despite his lack of permission because they wanted to profit from their marketing scheme.

118. CVS has sent similar Request to Close Potential Gap in Therapy letters to Class Members' Physicians.

119. CVS has sent similar Request to Close Potential Gap in Therapy letters to Class Members' Physicians as part of its marketing scheme.

120. CVS has similarly falsely used Class Members' names for financial gain without the Class Members' permission or consent.

121. As a direct result of the acts and omissions of CVS, Plaintiff and the Class have been harmed.

122. As a direct result of the acts and omissions of CVS, Plaintiff and the Class have suffered financial detriment.

123. As a direct result of the acts and omissions of CVS, Plaintiff and the Class have suffered a breach in their interest in privacy.

124. As a direct result of the acts and omissions of CVS, CVS has profited from the unauthorized use of Plaintiff's and Class Members' names.

WHEREFORE, Plaintiff and the Class respectfully request that this Court enter Judgment against CVS for breach of privacy via their unlawful appropriation of Plaintiff's name and/or likeness and award damages to adequately compensate Plaintiff and the Class.

## COUNT IV
### Tortious Misappropriation of Private and Personal Information

125. Plaintiff repeats and re-alleges the allegations set forth above.

126. Plaintiff did not authorize CVS's appropriation of his personal and private information for commercial purposes as alleged herein.

127. Class Members did not authorize CVS's appropriation of their personal and private information for commercial purposes as alleged herein.

128. CVS's scheme allowed CVS to misappropriate Plaintiff's and the Class's personal and confidential information for substantial financial or other consideration in a manner which violated the Plaintiff's and the Class's right of privacy and to be left alone.

129. CVS's scheme was accomplished intentionally, recklessly or with negligent disregard for Plaintiff's and the Class's right of privacy.

130. As a result of CVS's scheme, Plaintiff and the Class have suffered, or are likely to suffer, damages, including, *inter alia*, invasion of their right to privacy, CVS's financial gain and/or invasion of another legally protected interest.

WHEREFORE, Plaintiff and the Class respectfully request that this Court enter judgment against CVS for its tortious misappropriation of private and personal information and award damages to adequately compensate Plaintiff and the Class.

12

## COUNT V
## VIOLATION OF M.G.L. c. 93A, § 2

131. Plaintiff repeats and re-alleges the allegations set forth above.

132. CVS's practice of sending *Letter #1* and *Letter #2* was unfair and/or deceptive.

133. CVS's practice of sending *Letter #1* and *Letter #2* caused Tashjian damages in the form of false information being entered into his medical file.

134. CVS's practice of sending *Letter #1* and *Letter #2* was done willfully and/or knowingly.

135. CVS's practice of sending *Letter #1* and *Letter #2* constitutes a violation of M.G.L. c. 93A.

136. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians was done without providing the identity of the pharmacist purportedly sending the letters.

137. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians was done without providing the identity of the pharmacist who purportedly counseled the Class Member.

138. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians was done without providing the date upon which the Class Member purportedly requested that a CVS pharmacist send such correspondence to the Class Members' Physicians.

139. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians failed to reveal to the patient that CVS was making a net profit each time it sent the subject correspondence.

140. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians failed to reveal to the patient that CVS realizes a profit when, as a result of sending the subject correspondence, an additional prescription is fulfilled at CVS.

13

141. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members Physicians, as set forth herein, deprived Class Members of critical information that Class Members would need to reasonably evaluate any purported recommendations/advice contained in the Request to Close Potential Gap in Therapy letters.

142. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians was unfair and/or deceptive.

143. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians in the manner set forth herein, constitutes an unfair and/or deceptive single course of conduct.

144. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians in the manner set forth herein, was done without Class Members' authority.

145. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians in the manner set forth herein, was done without Class Members' express written authority.

146. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians was done by means of a computerized system which did not utilize the professional judgment of a pharmacist.

147. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians constituted false, deceptive, and/or misleading advertising.

148. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians constituted an activity in nonconformity with federal, state and municipal laws, ordinances and/or regulations.

14

149. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians constituted a fraudulent and deceptive act in violation of 247 CMR 9.01.

150. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians was not undertaken as part of a Collaborative Drug Therapy Management Plan.

151. CVS's practice of sending Request to Close Potential Gap in Therapy letters was not undertaken under the supervision of a physician.

152. CVS's practice of sending Request to Close Potential Gap in Therapy letters did not constitute counseling to a patient.

153. CVS did not provide Class Members with a copy of the Request to Close Potential Gap in Therapy letters sent to their respective Prescribers.

154. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians was done willfully and/or knowingly.

155. CVS's practice of sending Request to Close Potential Gap in Therapy letter to Class Members' Physicians constituted a violation of M.G.L. c. 93A.

156. CVS's practice of sending false information/representations to Class Members' Physicians constituted a violation of M.G.L. c. 93A.

157. CVS's practice of sending false information to Class Members' Physicians was unfair and/or deceptive.

158. CVS's practice of sending false information to Class Members' Physicians caused Plaintiff and the Class Members damages in the form of false information being entered into their medical files.

159. CVS's practice of sending false information to Class Members' Physicians was done willfully and/or knowingly.

15

160. CVS's breach of duty of confidentiality to Plaintiff and the Class Members was unfair and/or deceptive.

161. CVS's breach of duty of confidentiality to Plaintiff and the Class Members caused Plaintiff and the Class Members damages in the form of false information being entered into their medical files.

162. CVS's breach of duty of confidentiality to Plaintiff and the Class Members was done willfully and/or knowingly.

163. CVS's breach of duty of confidentiality to Plaintiff and the Class Members constitutes violations of M.G.L. c. 93A.

164. CVS's use of Plaintiff and the Class Members' names for financial gain without their permission or consent was unfair and/or deceptive.

165. CVS's use of Plaintiff and the Class Members' names for financial gain without their permission or consent caused Plaintiff and the Class Members damages in the form of false information being entered into their medical files.

166. CVS's use of Plaintiff and the Class Members' names for financial gain without their permission or consent was done willfully and/or knowingly.

167. CVS's use of Plaintiff and the Class Members' names for financial gain without their permission or consent constituted violations of M.G.L. c. 93A.

**WHEREFORE**, Tashjian respectfully requests that this court enter Judgment against CVS for its willful and knowing violations of M.G.L. c. 93A, § 2 and that the court award multiple damages, costs and attorneys' fees to adequately compensate Tashjian and the Class.

16

## COUNT VI
## DECLARATORY JUDGMENT

168. Plaintiff repeats and re-alleges the allegations set forth above.

169. There exists an actual controversy as to whether CVS had a duty to comply with the mandates of Federal and/or Massachusetts Law when ensuring the confidentiality and security of patients' private information.

170. There exists an actual controversy as to whether CVS owed Plaintiff and the Class a fiduciary duty to maintain the security and confidentiality of their private information.

171. There exists an actual controversy as to whether CVS is responsible for the acts and omissions of employees and agents under the doctrine of *respondeat superior*.

172. There exists an actual controversy as to whether CVS's unauthorized dissemination of Plaintiff and Class Members' personal information constituted unauthorized disclosures.

173. There exists an actual controversy as to whether CVS breached its duties to Plaintiff and the Class by failing to maintain the security and confidentiality of their personal information.

174. Plaintiff and the Class are entitled to a declaration that CVS owed Plaintiff and the Class a fiduciary duty to maintain the security and confidentiality of their personal information.

175. Plaintiff and the Class are entitled to a declaration as to what exactly CVS's duties to Plaintiff and Class Members are/were in regard to ensuring the confidentiality and security of their personal information.

176. Plaintiff and the Class are entitled to a declaration that CVS's acts and omissions set forth herein are unfair and deceptive.

177. Plaintiff and the Class are entitled to a declaration that CVS's acts and omissions set forth herein are in violation of M.G.L. c. 93A.

17

178. Plaintiff and the Class are entitled to a declaration that CVS's acts and omissions set forth herein were committed willfully, knowingly, and/or in bad faith.

179. Plaintiff and the Class are entitled to a declaration that CVS breached its duties to Plaintiff and the Class Members.

  **WHEREFORE,** Plaintiff and the Class request that this Honorable Court set forth, by way of declaratory judgment, CVS's duties to Plaintiff and Class Members with regard to ensuring the confidentiality and security of patients' personal information.

## PRAYERS FOR RELIEF

  **WHEREFORE,** Plaintiff, on behalf of himself and other similarly situated individuals, demand judgment against CVS as follows:

  A. An order determining that this action is a proper class action, and certifying Plaintiff as representative of the putative Class;

  B. An order appointing Plaintiff's counsel as competent legal representatives of the putative Class;

  C. An order determining that the acts and omissions of CVS as described above constitute violations of M.G.L. c. 214, § 3A, and M.G.L. c. 93A;

  D. An order determining that the acts and omissions of CVS as described herein constitute Breach of the Fiduciary Duty of Confidentiality, Negligence, Breach of Privacy, and Tortious Misappropriation of Private and Personal Information.

  E. An order requiring CVS to disgorge any profit it realized as a result of sending the Request to Close Potential Gap in Therapy letters to Class Members' Physicians;

  F. An order awarding Plaintiff and the Class damages, together with interest, costs, and reasonable attorneys' fees;

G. An order determining the appropriate statute of limitations applicable to each count of this action;

H. An order awarding Plaintiff an appropriate stipend for acting as class representative; and

I. An order awarding Plaintiff and the Class any further relief as this Court may deem just and appropriate.

### JURY DEMAND

Plaintiff, on behalf of himself and all others similarly situated, hereby demand trial by jury on all counts of this Complaint, which are triable by a jury.

Respectfully submitted,                                  DATED:   April 24, 2019
Plaintiff, by his attorneys,

Robert E. Mazow, Esq.
(BBO# 567507)
rmazow@forrestlamothe.com
Michael C. Forrest, Esq.
(BBO# 681401)
mforrest@forrestlamothe.com
Forrest, LaMothe, Mazow,
McCullough, Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA 01970
(617) 231-7829

19

# EXHIBIT A

## CVS/pharmacy



### RESPONSE REQUESTED:
### REQUEST TO CLOSE POTENTIAL GAP IN THERAPY

**PRESCRIBER:**

| | | | |
|---|---|---|---|
| Name: | FOUAD AOUDE | From: | **CVS/pharmacy** |
| | | Store # | 1852 |
| Address: | | Address: | 67D MAIN ST. |
| | | | MEDWAY, MA 02053 |
| Phone: | | Phone: | 508-533-6771 |
| Fax: | | Fax: | 508-533-9475 |

**PATIENT:**                                    **PRIOR THERAPY:**

| | |
|---|---|
| Name: | TASHJIAN, CHARLES |
| DOB: | |
| Address: | |
| Phone: | |

**Dear Prescriber,**

We spoke to your patient about diabetes care and noticed your patient has not filled a statin therapy at CVS pharmacy in the last 180 days.

Your patient would like us to reach out on their behalf to determine if it is appropriate to start a statin therapy. Please send a new prescription for statin therapy if it is appropriate.

Thank you in advance for taking the time to review this information.
Sincerely,
Your local CVS Pharmacist

**Pharmacist Comments:**

### RESPONSE REQUESTED:

Please send a new prescription for the requested therapy, if appropriate (refer to store info above)

- OR -

Please indicate your decision below and fax back to:          508-533-9475

☐  Will discuss with patient at next visit          ☐  Not clinically appropriate for this patient

MD Comments:

The information contained in this electronic message as well as any attachments to this message are intended for the exclusive use of the intended recipient and may contain confidential or privileged information. If you are not the intended recipient, please destroy all copies of this message as well as its attachments and advise the sender immediately. The recipient of this fax may make a request to opt-out of receiving future fax transmissions from CVS/Pharmacy. There are numerous ways you may opt-out! The recipient may call the toll-free number at 1-800-SHOPCVS and/or fax the opt-out request to 401-652-0893. The recipient may also send an opt-out request via email to do_not_call@cvscaremark.com. CVS/Pharmacy is required to honor an opt-out request within thirty days of receipt.

| **FOR CVS USE ONLY:** | NMRX1 | 29000000003505901574 |
|---|---|---|



### REQUEST TO CLOSE GAP IN THERAPY

# EXHIBIT B

## CVS/pharmacy



## RESPONSE REQUESTED:
### REQUEST TO CLOSE POTENTIAL GAP IN THERAPY

| **PRESCRIBER:** | | | |
|---|---|---|---|
| Name: | FOUAD AOUDE | From: | **CVS/pharmacy** |
| | | Store # | 1852 |
| Address: | | Address: | 67D MAIN ST. |
| | | | MEDWAY, MA 02053 |
| Phone: | | Phone: | 508-533-6771 |
| Fax: | | Fax: | 508-533-9475 |

| **PATIENT:** | | **PRIOR THERAPY:** |
|---|---|---|
| Name: | TASHJIAN, CHARLES | |
| DOB: | | |
| Address: | | |
| Phone: | | |

**Dear Prescriber,**

We spoke to your patient about diabetes care and noticed your patient has not filled a statin therapy at CVS pharmacy in the last 180 days.

Your patient would like us to reach out on their behalf to determine if it is appropriate to start a statin therapy. Please send a new prescription for statin therapy if it is appropriate.

Thank you in advance for taking the time to review this information.
Sincerely,
Your local CVS Pharmacist

**Pharmacist Comments:**

## RESPONSE REQUESTED:

Please send a new prescription for the requested therapy, if appropriate (refer to store info above)

  – OR –

Please indicate your decision below and fax back to:   508-533-9475

☐ Will discuss with patient at next visit     ☐ Not clinically appropriate for this patient

MD Comments:

The information contained in this electronic message as well as any attachments to this message are intended for the exclusive use of the intended recipient and may contain confidential or privileged information. If you are not the intended recipient, please destroy all copies of this message as well as its attachments and advise the sender immediately. The recipient of this fax may make a request to opt-out of receiving future fax transmissions from CVS/Pharmacy. There are numerous ways you may opt-out. The recipient may call the toll-free number at 1-800-SHOPCVS and/or fax the opt-out request to 401-652-0893. The recipient may also send an opt-out request via email to do_not_call@cvscaremark.com. CVS/Pharmacy is required to honor an opt-out request within thirty days of receipt.

| **FOR CVS USE ONLY:** | NMRX1 | 29000000003636545542 |
|---|---|---|

## REQUEST TO CLOSE GAP IN THERAPY

Commonwealth of Massachusetts
County of Suffolk
The Superior Court

CIVIL DOCKET#: **SUCV2019-0655-BLS1**

Case: Tashjian v. CVS Pharmacy, Inc. et al.

*Notified 03-18-19 (NJ)*
*- MSM/R.E.M.*
*- FLMMSYSY/M.C.F.*

## NOTICE OF TRANSFER TO
## BUSINESS LITIGATION SESSION

Upon review, the court orders this case transferred to the Business Litigation Session (BLS) and assigned to **BLS1**. In the future, all parties must include the initials "**BLS1**" at the end of the docket number on all filings, as shown above.

Counsel shall discuss with their clients and with opposing counsel whether the parties will participate in the BLS Discovery Project (counsel are directed to http://www.mass.gov/courts/court-info/trial-court/sc/sc-bls-gen.html for more information on the Project). Counsel may indicate their respective client's participation by completing, filing and serving the attached form.

Dated: **3/15/19**

Janet L. Sanders
Justice of the Superior Court &
Administrative Justice of the Business Litigation Session



## Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi, P.C.
Consumer Advocacy and Class Action Litigation



**Robert E. Mazow, Esq.**
Admitted in MA & NH
RMazow@forrestlamothe.com

**Kevin J. McCullough, Esq.**
Admitted in MA & NH
KMcCullough@forrestlamothe.com

**John R. Yasi, Esq.**
Admitted in MA
JYasi@forrestlamothe.com

**Paul F.X. Yasi, Esq.**
Admitted in MA
PYasi@forrestlamothe.com

**Matthew T. LaMothe, Esq.**
Admitted in MA
MLaMothe@forrestlamothe.com

**Michael C. Forrest, Esq.**
Admitted in MA, CA & NH  (inactive)
MForrest@forrestlamothe.com

**Brian P. McNiff, Esq.**
Admitted in MA & IL
BMcNiff@forrestlamothe.com

**David J. Relethford, Esq.**
Admitted in MA
DRelethford@forrestlamothe.com

**Salem, MA:**
2 Salem Green, Suite 2
Salem, MA 01970
(617) 231-7829
(877) 599-8890
(617) 517-3271 Fax

**Concord, CA:**
3998 Chestnut Avenue
Concord, CA 94519
(415) 579-9481
(877) 599-8890
(617) 517-3271 Fax

**Chicago, IL:**
(312) 261-5557
(617) 517-3271 Fax

PLEASE ADDRESS ALL
CORRESPONDENCE
TO THE SALEM,
MASSACHUSETTS
ADDRESS

www.ForrestLaMothe.com

May 2, 2019

*VIA CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*
*#7018 0360 0000 9640 9685*

CVS Caremark, Inc.
Larry J. Merlo – President and CEO
One CVS Drive
Woonsocket, RI  02895

**RE:**     **CHARLES TASHJIAN, on behalf of himself and**
**all others similarly situated**
           v.
           **CVS PHARMACY, INC.;**
           **CVS HEALTH CORPORATION;**
           **and CVS CAREMARK, INC.**
           <u>**Civil Action No. SUCV2019-0655-BLS1**</u>

Dear Mr. Merlo:

Enclosed herewith please find a copy of the following documentation:

1. A copy of the *Summons;*
2. A copy of the *Civil Action Cover Sheet;*
3. A copy of the *First Amended Complaint and Demand for Jury Trial;* and
4. A copy of the *Notice of Transfer to Business Litigation Session.*

This information concerns a lawsuit which has been filed against you in the Suffolk County Superior Court of Massachusetts.

It is requested that you forward the enclosed material to legal counsel for answer within the statutory time period to avoid the entering of a Default Judgment.

Please contact me with any questions or concerns you may have.

Sincerely,

Robert E. Mazow, Esq.

REM:slo
Enclosures

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO.  SUCV2019-0655-BLS1

CHARLES TASHJIAN, on
behalf of himself and
all others similarly PLAINTIFF(S),
situated

v.

CVS PHARMACY, INC.; DEFENDANT(S)
CVS HEALTH CORPORATION; and
CVS CAREMARK, INC.                SUMMONS

THIS SUMMONS IS DIRECTED TO CVS CAREMARK, INC.          . (Defendant's name)

You are being sued.   The Plaintiff(s) named above has started a lawsuit against you. A copy of the
Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been
filed in the Suffolk Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide
   the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the
   opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect
   to resolve this matter with the Plaintiff.  **If you need more time to respond, you may request an
   extension of time in writing from the Court.**

2. **How to Respond.**   To respond to this lawsuit, you must file a written response with the court **and** mail a
   copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:

   a. Filing your signed original response with the Clerk's Office for Civil Business, Suffolk Court,
      3 Pemberton Square by mail or in person, **AND** Superior
      Boston, MA 02108

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following
      address: 2 Salem Green, Suite 2, Salem, MA 01970

3. **What to include in your response.**  An "Answer" is one type of response to a Complaint.  Your Answer
   must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint.
   Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to
   use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are
   based on the same facts or transaction described in the Complaint, then you must include those claims
   in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this
   lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your
   Answer or in a written demand for a jury trial that you must send to the other side and file with the
   court no more than 10 days after sending your Answer.  You can also respond to a Complaint by filing a
   **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient.  A Motion
   to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If
   you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions"
   described in the rules of the Court in which the complaint was filed, available at
   www.mass.gov.courts/case-legal-res/rules of court.

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|---|

| **PLAINTIFF(S):** | CHARLES TASHJIAN, on behalf of himself and all | | **COUNTY** |
|---|---|---|---|
| **ADDRESS:** | others similarly situated | | Suffolk |

**DEFENDANT(S):**   CVS PHARMACY, INC.;

CVS HEALTH CORPORATION; and

| **ATTORNEY:** | Robert E. Mazow, Esq. | CVS CAREMARK, INC. |
|---|---|---|
| **ADDRESS:** | Forrest, LaMothe, Mazow, McCullough, Yasi & Yasi | **ADDRESS:** |
| | 2 Salem Green, Suite 2 | CVS Pharmacy, Inc.: Registered Agent: 155 Federal Street, Suite 700, Boston, MA |
| | Salem, MA  01970 | CVS Health Corporation: One CVS Drive, Woonsocket, RI 02895 |
| **BBO:** | #567507 | CVS Caremark, Inc.: One CVS Drive, Woonsocket, RI 02895 |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO.<br>A99 | TYPE OF ACTION (specify)<br>Othe Contract/Business Action | TRACK<br>F | HAS A JURY CLAIM BEEN MADE?<br>[X] YES       [ ] NO |
|---|---|---|---|

**"If "Other" please describe:**     Putative class action against Defendants for violation of privacy laws and unfair business practices.

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
    1. Total hospital expenses ................................................................................................................................ $ _____
    2. Total doctor expenses ................................................................................................................................. $ _____
    3. Total chiropractic expenses ........................................................................................................................ $ _____
    4. Total physical therapy expenses ................................................................................................................ $ _____
    5. Total other expenses (describe below) ........................................................................................................ $ _____
                                                      **Subtotal (A):** $ _____

B. Documented lost wages and compensation to date ............................................................................................ $ _____
C. Documented property damages to dated ............................................................................................................ $ _____
D. Reasonably anticipated future medical and hospital expenses .......................................................................... $ _____
E. Reasonably anticipated lost wages .................................................................................................................... $ _____
F. Other documented items of damages (describe below) ......................................................................................

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                                      **TOTAL (A-F):**$ _____

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
Putative Class action arising out of Defendants' unfair and deceptive prescription marketing plan.

                                              **TOTAL: $** $1,000,000.00

**Signature of Attorney/Pro Se Plaintiff: X** _____     Date: 02/25/19

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X** _____     Date: 02/25/19

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                         SUPERIOR COURT
                                                    DEPARTMENT OF THE TRIAL COURT
                                                    CA. NO. SUCV2019-0655-BLS1

CHARLES TASHJIAN, on behalf of
himself and all others similarly situated,

       Plaintiff,

    v.

CVS PHARMACY, INC.; CVS HEALTH
CORPORATION; and CVS CAREMARK
INC.;

       Defendants.

## PLAINTIFF'S FIRST AMENDED COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, Charles Tashjian ("Tashjian" or "Plaintiff") alleges the following facts upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters.

### Preliminary Statement

1. Plaintiff brings this action to obtain monetary, and other appropriate relief, for himself and Members of the Class (defined below) as a result of the unlawful practices of Defendants, CVS Pharmacy, Inc., CVS Health Corporation, and CVS Caremark, Inc. (collectively "CVS" or "Defendants").

2. CVS is in the business of, among other things, selling prescription medicine to customers across the country, including in Massachusetts. In doing so, CVS engaged in a scheme to solicit prescriptions from customers' physicians ("Prescribers" of "Physicians") which CVS could then sell to customers.

3. As part of its scheme, CVS falsely represented to Prescribers that, among other things, CVS had spoken with its customers, and that its customers expressly requested that CVS contact the Prescribers to obtain certain prescription medications.

4. CVS's scheme was perpetrated even though CVS knew that CVS's pharmacists had not, spoken to the customers about contacting the Prescribers and that the customers had not requested that CVS contact the Prescribers.

5. As part of CVS's scheme, CVS never notified the Prescribers or the Patient that CVS was being compensated for sending the letters, nor did the scheme notify the medical provider that CVS had not spoken with the consumer and that the consumer did not request that the CVS send the letters.

6. CVS's scheme violated the privacy rights and other common law rights of Plaintiff and the Class and CVS misappropriated, for their own commercial purpose and without consumer consent or other authorization, the confidential and personal consumer medical prescription information which had been entrusted by customers to CVS.

7. Upon information and belief, as part of CVS's Scheme, CVS appears to have also disclosed confidential patient information about its customers to unauthorized third-parties who provided direct marketing services to CVS.

8. CVS's scheme was not disclosed to Prescribers (or customers) and instead said scheme was perpetrated under the guise of administering a drug compliance program, which provided a cloak of legitimacy, when in fact, the scheme was simply a direct mail marketing and advertising scheme designed to increase sales of statin prescriptions and other medications.

9. CVS's scheme resulted in damages to Plaintiff and other similarly situated individuals.

10. CVS's scheme caused false statements (purportedly statements of the consumer) to enter customers' medical file which, among other things, dangerously suggested that the customers sought medical treatment that they did not seek.

11. Further, CVS's scheme resulted in it reaping significant financial benefit by selling prescription medicine that would otherwise not have been fulfilled. Finally, CVS's scheme resulted in it receiving financially beneficially advertising support.

## Parties

12. Plaintiff, Charles Tashjian is a resident of Uxbridge, Massachusetts.

13. Defendants, CVS Pharmacy Inc. is a corporation formed under the laws of Rhode Island and maintains a principle place of business at One CVS Drive, Woonsocket, RI 02895, and a registered agent at 155 Federal Street, Suite 700, Boston, MA.

14. Defendants, CVS Health Corporation is a corporation formed under the laws of Delaware and maintains a principle place of business at One CVS Drive, Woonsocket, RI 02895.

15. Defendants, CVS Caremark, Inc. is a corporation formed under the laws of Delaware and maintains a principle place of business at One CVS Drive, Woonsocket, RI 02895.

## Jurisdiction and Venue

16. This Court has personal jurisdiction over Defendants pursuant to M.G.L. c. 223A, § 3, because, *inter alia*, Plaintiff's claims arise out of Defendants' regular transaction of business throughout the Commonwealth of Massachusetts, including in Suffolk County.

17. This Court has jurisdiction over the claims contained herein as they relate to Plaintiff and the other similarly situated individuals because the claims for damages for Plaintiff and all other similarly situated individuals exceed twenty-five thousand dollars ($25,000.00).

3

18. Venue in this matter is proper as CVS Pharmacy, Inc. maintains a registered agent located in Suffolk County, Massachusetts. Venue in this matter is further proper as CVS Health Corporation, and CVS Caremark, Inc. are corporations operating in the Commonwealth.

### Factual Allegations

19. Plaintiff repeats and re-alleges the allegations set forth above.

20. Plaintiff has utilized CVS Pharmacy (Store #1852) ("CVS Pharmacy") located at 67D Main St., Medway, MA for his prescription fulfillment services for approximately the last 10 years.

21. In June of 2018, CVS Pharmacy sent the document, attached hereto as **Exhibit A**, to Plaintiff's medical provider, Dr. Fouad Aoude ("*Letter #1*").

22. *Letter #1* stated that CVS Pharmacy spoke with Plaintiff about diabetes care.

23. *Letter #1* falsely stated that CVS Pharmacy spoke with Plaintiff about diabetes care.

24. *Letter #1* stated that Plaintiff requested that CVS Pharmacy reach out to Dr. Aoude on behalf of Plaintiff to determine if it is appropriate to start a statin therapy.

25. *Letter #1* falsely stated that Plaintiff requested that CVS Pharmacy reach out to Dr. Aoude on behalf of Plaintiff to determine if it is appropriate to start a statin therapy.

26. Plaintiff does not have diabetes.

27. Plaintiff never spoke with any employee, agent or servant of CVS Pharmacy about diabetes care.

28. Plaintiff did not ask any employee, agent or servant of CVS Pharmacy to contact his medical provider regarding statin therapy.

29. *Letter #1* was intended by CVS to serve as marketing material.

30. *Letter #1* was intended by CVS to induce Plaintiff's medical provider into writing Plaintiff a prescription for statin which CVS could fulfill to their financial advantage.

31. *Letter #1* is now part of Plaintiff's medical file.

32. The statin manufacturer provided marketing assistance to CVS Pharmacy.

4

33. CVS received financial assistance in sending its *Letter #1* to Plaintiff's medical provider.

34. As a result of sending letters, like *Letter #1*, CVS received financial benefit and profit.

35. In November of 2018, CVS Pharmacy sent the document, attached hereto as **Exhibit B**, to Plaintiff's medical provider, Dr. Fouad Aoude ("*Letter #2*").

36. *Letter #2* stated that CVS Pharmacy spoke with Plaintiff about diabetes care.

37. *Letter #2* falsely stated that CVS Pharmacy spoke with Plaintiff about diabetes care.

38. *Letter #2* stated that Plaintiff requested that CVS Pharmacy reach out to Dr. Aoude on behalf of Plaintiff to determine if it is appropriate to start a statin therapy.

39. *Letter #2* falsely stated that Plaintiff requested that CVS Pharmacy reach out to Dr. Aoude on behalf of Plaintiff to determine if it is appropriate to start a statin therapy.

40. *Letter #2* was intended by CVS as marketing material.

41. *Letter #2* was intended by CVS to induce Plaintiff's medical provider into writing Plaintiff a prescription for statin which the CVS could fulfill to its financial advantage.

42. CVS used Plaintiff's name for financial gain without his permission or consent.

43. *Letter #2* is now part of Plaintiff's medical file.

44. The statin manufacturer provided marketing assistance to CVS Pharmacy.

45. CVS received financial assistance in sending *Letter #2* to Plaintiff's medical provider.

46. As a result of sending letters, like *Letter #2*, CVS received financial benefit and profit.

47. CVS used Plaintiff's name in *Letter #1* and *Letter #2* as part of its attempt to increase CVS's profits.

48. CVS did not request to use Plaintiff's name prior to using it CVS knew he would reject the request.

49. CVS used Plaintiff's name despite his lack of permission because CVS wanted to profit from their marketing scheme.

5

50. CVS routinely engages in the scheme outlined above.

51. CVS used Plaintiff's name for financial gain without his permission or consent.

52. CVS misappropriated Plaintiff's name for financial gain as part of their marketing plan.

53. CVS is a covered entity for the purposes of the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

54. CVS has vast stores of personal and private consumer medical prescription information.

55. CVS reviewed personal and private consumer information to determine on which customers behalf CVS would target their marketing materials.

56. CVS provided prescription fulfillment services to the Plaintiff.

57. CVS owed a fiduciary duty to Plaintiff.

58. CVS breached its fiduciary duty to Plaintiff by sending false information to Plaintiff's medical provider.

59. CVS breached its fiduciary duty to Plaintiff by failing to disclose to Plaintiff's medical provider that CVS was receiving financial support for sending the letter to Plaintiff's medical provider.

60. CVS breached its fiduciary duty and caused Plaintiff harm in the form of increased risk of receiving medical treatment based upon the false statement CVS caused to be placed in Plaintiff's medical records.

61. At all relevant times, CVS was engaged in trade or commerce.

62. Plaintiff alleges that the acts and omissions described herein were unfair and/or deceptive.

63. Plaintiff alleges that the acts and omissions described herein were committed willfully and/or knowingly.

64. On February 25, 2019, Plaintiff served the Defendant with a class-wide consumer protection act demand letter.

6

65. On April 5, 2019, CVS responded to Plaintiff's class-wide consumer protection act demand letter.

66. CVS's response to Plaintiff's class-wide consumer protection act demand letter was unreasonable.

### Class Allegations

67. Plaintiff repeats and re-alleges the allegations set forth above.

68. Plaintiff brings this action pursuant to Mass. R. Civ. P. 23 and M.G.L. c. 93A on behalf of himself and a class consisting of:

> All customers of CVS on whose behalf CVS sent a Request to Close Potential Gap in Therapy letter.

69. All of the persons or entities described in the preceding paragraph are referred to herein as the "Class" or "Members". Plaintiff reserves his right to amend the definition.

70. This action is properly maintainable as a class action.

71. The Members of the Class are so numerous that joinder of all Members would be impracticable.

72. Plaintiff's claims are typical of the claims of other Members of the Class, as all Members of the Class have been similarly affected by CVS's unlawful acts and omissions.

73. Plaintiff will fairly and adequately protect the interests of the Class and is represented by counsel experienced in complex class action litigation.

74. Common questions of law and fact exist and predominate over any questions of law or fact which may affect only individual Class Members. Common questions of law and fact include:

A. Whether the acts and omissions of CVS constituted violations of M.G.L. c. 214, § 3A and/or M.G.L. c. 93A;

B. Whether the acts and omissions of CVS were unfair and/or deceptive;

C. Whether the acts and omissions of CVS were committed willfully and/or knowingly;

7

D. Whether the acts and omissions of CVS constituted: (1) Negligence; (2) Breach of the Fiduciary Duty of Confidentiality; (3) Breach of Privacy; and/or (4) Tortious Misappropriate of Private and Personal Information;

E. Whether CVS is liable for the acts and omissions of their employees and agents;

F. What is the applicable statute of limitations on any and all causes of action; and

G. Whether Plaintiff and the Class are entitled to damages, and if so, the proper measure of damages.

75. A class action will cause an orderly and expeditious administration of the claims of Class Members.

76. A class action will foster economies of time, effort and expense to ensure uniformity of decisions, presenting the most efficient manner of adjudicating the claims set forth herein.

## COUNT I
### Negligence

77. Plaintiff repeats and re-alleges the allegations set forth above.

78. CVS had a legal duty to not create and cause false information to enter Plaintiff's medical file.

79. CVS had a duty to not make false statements to Plaintiff's medical provider.

80. CVS breached its duty by submitting false information to Plaintiff's medical provider.

81. CVS's breach of its duty has caused Plaintiff harm.

82. CVS had a legal duty to not create and cause false information to enter Class Members' medical records.

83. CVS had a duty to not make false statements to Class Members' Physicians.

84. CVS breached its duty by submitting false information to Class Members' Physicians.

85. All the aforementioned acts and omissions of CVS were committed negligently.

8

86. All of the aforementioned acts and omissions constitute breaches of CVS's duties under Federal and/or Massachusetts law.

87. CVS's breach of its duty has caused Plaintiff and members of the Class harm.

88. CVS had a fiduciary duty to Plaintiff and Class Members.

89. As a direct and proximate cause of CVS's negligence, false information was sent to Plaintiff's medical provider and placed in Plaintiff's medical record.

90. As a direct and proximate cause of CVS's negligence, Plaintiff and the Class have suffered damages, including but not limited to, increased risk of medical risk and medical mistakes.

      **WHEREFORE,** Plaintiff and the Class respectfully request that this Court enter Judgment against CVS for its negligence and award damages to adequately compensate Plaintiff and the Class.

### COUNT II
### Breach of Fiduciary Duty of Confidentiality

91. Plaintiff repeats and re-alleges the allegations set forth above.

92. CVS is a medical provider.

93. CVS is a covered entity under the Health Insurance Portability and Accountability Act.

94. CVS provided prescription fulfillment services to the Plaintiff.

95. CVS owed a fiduciary duty to Plaintiff.

96. CVS breached its fiduciary duty to Plaintiff by sending false information to Plaintiff's physician.

97. CVS breached its fiduciary duty to Plaintiff by failing to disclose to Plaintiff's physician that CVS was receiving financial support for sending the letter to Plaintiff's physician.

98. CVS provided prescription fulfillment services to Class Members.

99. CVS owed a fiduciary duty to Class Members.

9

100. CVS breached its fiduciary duty to Class Members by sending false information to Class Members' Physicians.

101. CVS breached its fiduciary duty to Class Members by failing to disclose to Class Members' Physicians that CVS was receiving financial support for sending the letter to Class Members' Physicians.

102. CVS's breach of its fiduciary duty to Plaintiff and Class Members caused Plaintiff and Class Members harm in the form of increased risk of receiving medical treatment based upon the false statements the Defendant caused to be placed in Plaintiff's and Class Members' medical records.

103. CVS's breach of its fiduciary duty to Plaintiff and Class Members has caused Plaintiff and Class Members to suffer harm, including but not limited to financial harm.

**WHEREFORE**, Plaintiff and the Class respectfully request that this Court enter Judgment against CVS for breach of its fiduciary duty and award damages to adequately compensate Plaintiff and the Class.

**COUNT III**
**Breach of Privacy – Appropriation of Plaintiff's Name and/or Likeness**
**Violation of M.G.L. c. 214, § 3A**

104. Plaintiff repeats and re-alleges the allegations set forth above.

105. *Letter #1* was intended as marketing material.

106. *Letter #1* was intended to induce Plaintiff's medical provider into writing Plaintiff a prescription for statin which CVS could fulfill to their financial advantage.

107. *Letter #2* was intended as marketing material.

108. *Letter #2* was intended to induce Plaintiff's medical provider into writing Plaintiff a prescription for statin which the CVS could fulfill to their financial advantage.

109. CVS used Plaintiff's name for financial gain without his permission or consent.

110. A third-party provided undisclosed marketing assistance to CVS Pharmacy.

111. CVS received financial assistance from a third-party in sending *Letter #1* and *Letter #2* to Plaintiff's medical provider.

112. As a result of sending letters, like *Letter #1* and *Letter #2*, CVS received financial benefit and profit.

113. CVS routinely engages in the scheme outlined above.

114. CVS used Plaintiff's name for financial gain without his permission or consent.

115. CVS misappropriated Plaintiff's name for financial gain as part of their marketing plan.

116. CVS used Plaintiff's name in *Letter #1* and *Letter #2* as part of its attempt to increase their profits.

117. CVS used Plaintiff's name despite his lack of permission because they wanted to profit from their marketing scheme.

118. CVS has sent similar Request to Close Potential Gap in Therapy letters  to Class Members' Physicians.

119. CVS has sent similar Request to Close Potential Gap in Therapy letters  to Class Members' Physicians as part of its marketing scheme.

120. CVS has similarly falsely used Class Members' names for financial gain without the Class Members' permission or consent.

121. As a direct result of the acts and omissions of CVS, Plaintiff and the Class have been harmed.

122. As a direct result of the acts and omissions of CVS, Plaintiff and the Class have suffered financial detriment.

123. As a direct result of the acts and omissions of CVS, Plaintiff and the Class have suffered a breach in their interest in privacy.

124. As a direct result of the acts and omissions of CVS, CVS has profited from the unauthorized use of Plaintiff's and Class Members' names.

     **WHEREFORE**, Plaintiff and the Class respectfully request that this Court enter Judgment against CVS for breach of privacy via their unlawful appropriation of Plaintiff's name and/or likeness and award damages to adequately compensate Plaintiff and the Class.

**COUNT IV**
**Tortious Misappropriation of Private and Personal Information**

125. Plaintiff repeats and re-alleges the allegations set forth above.

126. Plaintiff did not authorize CVS's appropriation of his personal and private information for commercial purposes as alleged herein.

127. Class Members did not authorize CVS's appropriation of their personal and private information for commercial purposes as alleged herein.

128. CVS's scheme allowed CVS to misappropriate Plaintiff's and the Class's personal and confidential information for substantial financial or other consideration in a manner which violated the Plaintiff's and the Class's right of privacy and to be left alone.

129. CVS's scheme was accomplished intentionally, recklessly or with negligent disregard for Plaintiff's and the Class's right of privacy.

130. As a result of CVS's scheme, Plaintiff and the Class have suffered, or are likely to suffer, damages, including, *inter alia*, invasion of their right to privacy, CVS's financial gain and/or invasion of another legally protected interest.

     **WHEREFORE**, Plaintiff and the Class respectfully request that this Court enter judgment against CVS for its tortious misappropriation of private and personal information and award damages to adequately compensate Plaintiff and the Class.

12

## COUNT V
## VIOLATION OF M.G.L. c. 93A, § 2

131. Plaintiff repeats and re-alleges the allegations set forth above.

132. CVS's practice of sending *Letter #1* and *Letter #2* was unfair and/or deceptive.

133. CVS's practice of sending *Letter #1* and *Letter #2* caused Tashjian damages in the form of false information being entered into his medical file.

134. CVS's practice of sending *Letter #1* and *Letter #2* was done willfully and/or knowingly.

135. CVS's practice of sending *Letter #1* and *Letter #2* constitutes a violation of M.G.L. c. 93A.

136. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians was done without providing the identity of the pharmacist purportedly sending the letters.

137. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians was done without providing the identity of the pharmacist who purportedly counseled the Class Member.

138. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians was done without providing the date upon which the Class Member purportedly requested that a CVS pharmacist send such correspondence to the Class Members' Physicians.

139. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians failed to reveal to the patient that CVS was making a net profit each time it sent the subject correspondence.

140. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians failed to reveal to the patient that CVS realizes a profit when, as a result of sending the subject correspondence, an additional prescription is fulfilled at CVS.

141. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members Physicians, as set forth herein, deprived Class Members of critical information that Class Members would need to reasonably evaluate any purported recommendations/advice contained in the Request to Close Potential Gap in Therapy letters.

142. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians was unfair and/or deceptive.

143. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians in the manner set forth herein, constitutes an unfair and/or deceptive single course of conduct.

144. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians in the manner set forth herein, was done without Class Members' authority.

145. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians in the manner set forth herein, was done without Class Members' express written authority.

146. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians was done by means of a computerized system which did not utilize the professional judgment of a pharmacist.

147. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians constituted false, deceptive, and/or misleading advertising.

148. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians constituted an activity in nonconformity with federal, state and municipal laws, ordinances and/or regulations.

14

149. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians constituted a fraudulent and deceptive act in violation of 247 CMR 9.01.

150. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians was not undertaken as part of a Collaborative Drug Therapy Management Plan.

151. CVS's practice of sending Request to Close Potential Gap in Therapy letters was not undertaken under the supervision of a physician.

152. CVS's practice of sending Request to Close Potential Gap in Therapy letters did not constitute counseling to a patient.

153. CVS did not provide Class Members with a copy of the Request to Close Potential Gap in Therapy letters sent to their respective Prescribers.

154. CVS's practice of sending Request to Close Potential Gap in Therapy letters to Class Members' Physicians was done willfully and/or knowingly.

155. CVS's practice of sending Request to Close Potential Gap in Therapy letter to Class Members' Physicians constituted a violation of M.G.L. c. 93A.

156. CVS's practice of sending false information/representations to Class Members' Physicians constituted a violation of M.G.L. c. 93A.

157. CVS's practice of sending false information to Class Members' Physicians was unfair and/or deceptive.

158. CVS's practice of sending false information to Class Members' Physicians caused Plaintiff and the Class Members damages in the form of false information being entered into their medical files.

159. CVS's practice of sending false information to Class Members' Physicians was done willfully and/or knowingly.

15

160. CVS's breach of duty of confidentiality to Plaintiff and the Class Members was unfair and/or deceptive.

161. CVS's breach of duty of confidentiality to Plaintiff and the Class Members caused Plaintiff and the Class Members damages in the form of false information being entered into their medical files.

162. CVS's breach of duty of confidentiality to Plaintiff and the Class Members was done willfully and/or knowingly.

163. CVS's breach of duty of confidentiality to Plaintiff and the Class Members constitutes violations of M.G.L. c. 93A.

164. CVS's use of Plaintiff and the Class Members' names for financial gain without their permission or consent was unfair and/or deceptive.

165. CVS's use of Plaintiff and the Class Members' names for financial gain without their permission or consent caused Plaintiff and the Class Members damages in the form of false information being entered into their medical files.

166. CVS's use of Plaintiff and the Class Members' names for financial gain without their permission or consent was done willfully and/or knowingly.

167. CVS's use of Plaintiff and the Class Members' names for financial gain without their permission or consent constituted violations of M.G.L. c. 93A.

**WHEREFORE,** Tashjian respectfully requests that this court enter Judgment against CVS for its willful and knowing violations of M.G.L. c. 93A, § 2 and that the court award multiple damages, costs and attorneys' fees to adequately compensate Tashjian and the Class.

16

## COUNT VI
## DECLARATORY JUDGMENT

168. Plaintiff repeats and re-alleges the allegations set forth above.

169. There exists an actual controversy as to whether CVS had a duty to comply with the mandates of Federal and/or Massachusetts Law when ensuring the confidentiality and security of patients' private information.

170. There exists an actual controversy as to whether CVS owed Plaintiff and the Class a fiduciary duty to maintain the security and confidentiality of their private information.

171. There exists an actual controversy as to whether CVS is responsible for the acts and omissions of employees and agents under the doctrine of *respondeat superior.*

172. There exists an actual controversy as to whether CVS's unauthorized dissemination of Plaintiff and Class Members' personal information constituted unauthorized disclosures.

173. There exists an actual controversy as to whether CVS breached its duties to Plaintiff and the Class by failing to maintain the security and confidentiality of their personal information.

174. Plaintiff and the Class are entitled to a declaration that CVS owed Plaintiff and the Class a fiduciary duty to maintain the security and confidentiality of their personal information.

175. Plaintiff and the Class are entitled to a declaration as to what exactly CVS's duties to Plaintiff and Class Members are/were in regard to ensuring the confidentiality and security of their personal information.

176. Plaintiff and the Class are entitled to a declaration that CVS's acts and omissions set forth herein are unfair and deceptive.

177. Plaintiff and the Class are entitled to a declaration that CVS's acts and omissions set forth herein are in violation of M.G.L. c. 93A.

17

178. Plaintiff and the Class are entitled to a declaration that CVS's acts and omissions set forth herein were committed willfully, knowingly, and/or in bad faith.

179. Plaintiff and the Class are entitled to a declaration that CVS breached its duties to Plaintiff and the Class Members.

  **WHEREFORE,** Plaintiff and the Class request that this Honorable Court set forth, by way of declaratory judgment, CVS's duties to Plaintiff and Class Members with regard to ensuring the confidentiality and security of patients' personal information.

### PRAYERS FOR RELIEF

  **WHEREFORE,** Plaintiff, on behalf of himself and other similarly situated individuals, demand judgment against CVS as follows:

  A. An order determining that this action is a proper class action, and certifying Plaintiff as representative of the putative Class;

  B. An order appointing Plaintiff's counsel as competent legal representatives of the putative Class;

  C. An order determining that the acts and omissions of CVS as described above constitute violations of M.G.L. c. 214, § 3A, and M.G.L. c. 93A;

  D. An order determining that the acts and omissions of CVS as described herein constitute Breach of the Fiduciary Duty of Confidentiality, Negligence, Breach of Privacy, and Tortious Misappropriation of Private and Personal Information.

  E. An order requiring CVS to disgorge any profit it realized as a result of sending the Request to Close Potential Gap in Therapy letters to Class Members' Physicians;

  F. An order awarding Plaintiff and the Class damages, together with interest, costs, and reasonable attorneys' fees;

G. An order determining the appropriate statute of limitations applicable to each count

of this action;

H. An order awarding Plaintiff an appropriate stipend for acting as class

representative; and

I. An order awarding Plaintiff and the Class any further relief as this Court may deem

just and appropriate.

## JURY DEMAND

Plaintiff, on behalf of himself and all others similarly situated, hereby demand trial by

jury on all counts of this Complaint, which are triable by a jury.

Respectfully submitted,                    DATED:   April 24, 2019
Plaintiff, by his attorneys,

Robert E. Mazow, Esq.
(BBO# 567507)
rmazow@forrestlamothe.com
Michael C. Forrest, Esq.
(BBO# 681401)
mforrest@forrestlamothe.com
Forrest, LaMothe, Mazow,
McCullough, Yasi & Yasi, P.C.
2 Salem Green, Suite 2
Salem, MA 01970
(617) 231-7829

19

# EXHIBIT A

 **CVS/pharmacy**    

## RESPONSE REQUESTED:
### REQUEST TO CLOSE POTENTIAL GAP IN THERAPY

**PRESCRIBER:**

| | | | |
|---|---|---|---|
| Name: | FOUAD AOUDE | From: | **CVS/pharmacy** |
| | | Store # | 1852 |
| Address: | | Address: | 67D MAIN ST. |
| | | | MEDWAY, MA 02053 |
| Phone: | | Phone: | 508-533-6771 |
| Fax: | | Fax: | 508-533-9475 |

**PATIENT:**                                          **PRIOR THERAPY:**

| | |
|---|---|
| Name: | TASHJIAN, CHARLES |
| DOB: | |
| Address: | |
| Phone: | |

Dear Prescriber,

We spoke to your patient about diabetes care and noticed your patient has not filled a statin therapy at CVS pharmacy in the last 180 days.

Your patient would like us to reach out on their behalf to determine if it is appropriate to start a statin therapy. Please send a new prescription for statin therapy if it is appropriate.

Thank you in advance for taking the time to review this information.
Sincerely,
Your local CVS Pharmacist

**Pharmacist Comments:**



## RESPONSE REQUESTED:

Please send a new prescription for the requested therapy, if appropriate (refer to store info above)

 - OR -

Please indicate your decision below and fax back to:        508-533-9475

☐  Will discuss with patient at next visit          ☐  Not clinically appropriate for this patient

MD Comments:

The information contained in this electronic message as well as any attachments to this message are intended for the exclusive use of the intended recipient and may contain confidential or privileged information. If you are not the intended recipient, please destroy all copies of this message as well as its attachments and advise the sender immediately. The recipient of this fax may make a request to opt-out of receiving future fax transmissions from CVS/Pharmacy. There are numerous ways you may opt-out: The recipient may call the toll-free number at 1-800-SHOPCVS and/or fax the opt-out request to 401-652-0893. The recipient may also send an opt-out request via email to do_not_call@cvscaremark.com. CVS/Pharmacy is required to honor an opt-out request within thirty days of receipt.

| **FOR CVS USE ONLY:** | NMRX1 | 29000000003505901574 |
|---|---|---|

**REQUEST TO CLOSE GAP IN THERAPY**

# EXHIBIT B

## CVS/pharmacy



## RESPONSE REQUESTED:
### REQUEST TO CLOSE POTENTIAL GAP IN THERAPY

**PRESCRIBER:**

| | | | |
|---|---|---|---|
| Name: | FOUAD AOUDE | From: | **CVS/pharmacy** |
| Address: | | Store # | 1852 |
| | | Address: | 67D MAIN ST. MEDWAY, MA 02053 |
| Phone: | | Phone: | 508-533-6771 |
| Fax: | | Fax: | 508-533-9475 |

**PATIENT:**　　　　　　　　　　　　　　　　　　**PRIOR THERAPY:**

| | |
|---|---|
| Name: | TASHJIAN, CHARLES |
| DOB: | |
| Address: | |
| Phone: | |

**Dear Prescriber,**

We spoke to your patient about diabetes care and noticed your patient has not filled a statin therapy at CVS pharmacy in the last 180 days.

Your patient would like us to reach out on their behalf to determine if it is appropriate to start a statin therapy. Please send a new prescription for statin therapy if it is appropriate.

Thank you in advance for taking the time to review this information.
Sincerely,
Your local CVS Pharmacist

**Pharmacist Comments:**

---

## RESPONSE REQUESTED:

Please send a new prescription for the requested therapy, if appropriate (refer to store info above)

　　**- OR -**

Please indicate your decision below and fax back to:　　　508-533-9475

　　　☐ Will discuss with patient at next visit　　　☐ Not clinically appropriate for this patient

MD Comments:

The information contained in this electronic message as well as any attachments to this message are intended for the exclusive use of the intended recipient and may contain confidential or privileged information. If you are not the intended recipient, please destroy all copies of this message as well as its attachments and advise the sender immediately. The recipient of this fax may make a request to opt-out of receiving future fax transmissions from CVS/Pharmacy. There are numerous ways you may opt-out. The recipient may call the toll-free number at 1-800-SHOPCVS and/or fax the opt-out request to 401-652-0893. The recipient may also send an opt-out request via email to do_not_call@cvscaremark.com. CVS/Pharmacy is required to honor an opt-out request within thirty days of receipt.

| FOR CVS USE ONLY: | NMRX1 | 29000000003636545542 |
|---|---|---|

REQUEST TO CLOSE GAP IN THERAPY

V 3/18

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court**

CIVIL DOCKET#: **SUCV2019-0655-BLS1**

Notified 03-18-19 (NJ)
- MSM/R.E.M.
- FL MMSYSY/M.C.F.

Case: Tashjian v. CVS Pharmacy, Inc. et al.

**NOTICE OF TRANSFER TO**
**BUSINESS LITIGATION SESSION**

Upon review, the court orders this case transferred to the Business Litigation Session (BLS) and assigned to **BLS1**. In the future, all parties must include the initials "**BLS1**" at the end of the docket number on all filings, as shown above.

Counsel shall discuss with their clients and with opposing counsel whether the parties will participate in the BLS Discovery Project (counsel are directed to http://www.mass.gov/courts/court-info/trial-court/sc/sc-bls-gen.html for more information on the Project). Counsel may indicate their respective client's participation by completing, filing and serving the attached form.

Dated: **3/15/19**

Janet L. Sanders
Justice of the Superior Court &
Administrative Justice of the Business Litigation Session